**Richard ALLEN, Petitioner-Appellant,**

**v.**

**William H. BANNAN, Warden, State Prison of Southern Michigan, Respondent-Appellee.**

**No. 15427.**

United States Court of Appeals
Sixth Circuit.

May 20, 1964.

Richard Allen, in pro per.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., George E. Mason, Asst. Atty. Gen., Lansing, Mich., for appellee.

Before CECIL and PHILLIPS, Circuit Judges, and PECK, District Judge.

HARRY PHILLIPS, Circuit Judge.

This is an appeal from the denial of a petition for a writ of habeas corpus. The undisputed background facts may be summarized as follows:

On the morning of November 3, 1957, a fire occurred in a house in Grand Rapids, Michigan, resulting in the death of one of the inhabitants. That same day petitioner was taken into custody by the police and questioned concerning the fire. The next day petitioner consented to a polygraph test. This test indicated deception, and interrogation was resumed that evening. Further interrogation took place on November 5, and that afternoon petitioner admitted that he had set the fire. The next morning he was taken to the prosecuting attorney's office where he dictated and signed a statement to that effect. That afternoon, November 6, petitioner was taken before a police magistrate.

At his trial petitioner pleaded not guilty. During the trial his statements were admitted into evidence. The jury found petitioner guilty of murder and he was sentenced to life imprisonment.

Petitioner's application for leave to appeal to the Michigan Supreme Court was denied. The United States Supreme Court denied a petition for a writ of certiorari, 364 U.S. 934, 81 S.Ct. 382, 5 L.Ed.2d 367, and a petition for rehearing, 365 U.S. 825, 81 S.Ct. 700, 5 L.Ed.2d 704. Subsequently, petitioner sought a writ of habeas corpus in the United States District Court for the Eastern District of

Michigan. This was denied for failure to exhaust state remedies, and this Court affirmed in an unpublished order. The Supreme Court, in a per curiam decision, vacated the judgment of this Court and remanded the case to the District Court for a hearing on the merits. 370 U.S. 725, 82 S.Ct. 1297, 8 L.Ed.2d 802.

After a hearing the District Court again denied the petition for habeas corpus. The District Judge then issued a certificate of probable cause, and the case is now before us.

The District Court found that petitioner was arrested without a warrant on November 3, 1957, and not taken before a magistrate until November 6; that statements obtained from petitioner during this detention formed the basis of his conviction; and that petitioner was a mature man, familiar with police methods, and was not subjected to any excessive physical or psychological pressures during his detention.

The District Court concluded that, under all the facts, the statements of petitioner made during this detention were voluntary, and therefore their admission into evidence did not violate the due process requirements of the Fourteenth Amendment.

■ This appeal poses the question of the admissibility of a confession obtained during an unlawful detention. It is well established that in the federal courts such a confession is inadmissible, without even reaching the question of voluntariness. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100; Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479. The Supreme Court has made it clear, however, that this is a rule of evidence in the federal courts and not a constitutional limitation upon the state courts. Culombe v. Connecticut, 367 U.S. 568, 600–601, 81 S.Ct. 1860, 6 L.Ed.2d 1037; Brown v. Allen, 344 U.S. 443, 476, 73 S.Ct. 397, 97 L.Ed. 469; Gallegos v. Nebraska, 342 U.S. 55, 63, 72 S.Ct. 141, 96 L.Ed. 86.

■■ The Mallory rule is based on Rule 5(a) of the Federal Rules of Criminal Procedure requiring that a federal prisoner be taken before a Commissioner "without unnecessary delay." This holding has not been extended to proceedings in state courts upon any federal constitutional ground. In state court proceedings the test is whether the confessions were admitted in accordance with the standards of admissibility required of the states by the due process clause of the Fourteenth Amendment. Essentially this is a question of whether the confession was voluntary. This issue must be determined from all the circumstances. Obviously the fact that the confession was obtained during an unlawful detention will be one of the considerations in determining voluntariness. See Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513; Lynumn v. Illinois, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922; Culombe v. Connecticut, supra; Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948. In the Culombe case there is an exhaustive treatment of this entire subject by Justice Frankfurter.

Federal due process has been held not to require arraignment in state courts within four days or an even longer period on penalty of exclusion of an interim confession. Gallegos v. Nebraska, supra; United States ex rel. Glinton v. Denno, 309 F.2d 543 (C.A.2), cert. denied, 372 U.S. 938, 83 S.Ct. 886, 9 L.Ed.2d 769; United States v. Sailer, 309 F.2d 541 (C.A.6), cert. denied, 374 U.S. 835, 83 S.Ct. 1884, 10 L.Ed.2d 1057.

■■ The ultimate question to be determined on this appeal is whether or not petitioner's confession was coerced in violation of the due process requirements of the Fourteenth Amendment. Applying the standards set forth in Haynes v. Washington, supra, Lynumn v. Illinois, supra, and Culombe v. Connecticut, supra, we hold that the facts of this case establish no such violation. We concur with the District Judge that under the evidence here presented "the statements were not obtained by physical force or

subtle psychological pressure, but were given freely, that their use in evidence did not offend due process."

Petitioner relies upon the Michigan statute, Section 764.13 of the Compiled Laws of Michigan, M.S.A. § 28.872, which, like Section 5(a) of the Federal Rules of Criminal Procedure, requires arraignment "without unnecessary delay." The District Judge affirmatively found that there was an unreasonable delay in taking petitioner before a magistrate, in violation of this statute. However, as held in Stein v. New York, 346 U.S. 156, 187, 73 S.Ct. 1077, 97 L.Ed. 1522, a delay in arraignment in violation of a state statute does not make a confession secured during such period of illegal detention necessarily inadmissible in a prosecution in state courts.

Further reliance is placed by petitioner upon the case of People v. Hamilton, 359 Mich. 410, 102 N.W.2d 738, which appears to be the first Michigan case to hold a confession invalid at least partly because of failure of prompt arraignment. This decision traveled under state law a path parallel to that of Mallory and McNabb under federal law. In addition to the elapse of five days between arrest and arraignment, the Hamilton case involved a number of facts not present in the case at bar, including a foreigner with a language difficulty, a finding of denial of the right to see his attorney, an appendectomy ten days before the crime, illness during questioning and at least the possibility of physical abuse. Under all these facts the Michigan court found that the admission in evidence of the confession obtained under these circumstances violated the above-cited Michigan statute and deprived the prisoner of due process under the Constitution of Michigan. Assuming that by the Hamilton decision the Supreme Court of Michigan has adopted the McNabb and Mallory rule in state proceedings,[1] this does not

affect or alter the rule stated above that, in a federal habeas corpus case questioning the admissibility of a confession made in a state court proceeding during a period of illegal detention prior to arraignment, the test is whether the confession was voluntary or was coerced in violation of the due process requirements of the Fourteenth Amendment.

It is to be emphasized that petitioner's application for leave to appeal to the Supreme Court of Michigan from the jury's verdict of guilty was denied by that Court on February 18, 1959, which was shortly prior to the decision of that Court in the Hamilton case.

Petitioner further complains of various other alleged irregularities in his trial in the state court, including a contention that the corpus delicti was not established, that the true cause of the death of the decedent was "suppressed," that three lines of his statement were deleted by the trial judge and that his court-appointed attorney was incompetent. As said by this Court in Wooten v. Bomar, 267 F.2d 900, 901 (C.A.6):

"There seems to be a great misapprehension among prisoners in State penal institutions that a writ of habeas corpus in Federal Courts gives them an opportunity to have a general review of their original trials. This writ, powerful and important as it is, has its limitations. It is available to correct the denial of fundamental constitutional rights, but it may not be used to correct mere irregularities or errors of law. In other words, it may not be used as a substitute for error proceedings. This has been determined many times in this Court."

We find no merit in any of the contentions of petitioner.

The judgment of the District Court denying writ of habeas corpus is affirmed.

---

1. See discussion of Hamilton case in Culombe v. Connecticut, supra, 367 U.S. at 600, n. 53, 81 S.Ct. 1860; People v. McCager, 367 Mich. 116, 119, 116 N.W.2d 205; and People v. Walker, 371 Mich. 599, 124 N.W.2d 761.