**Richard ALLEN, Plaintiff,**

**v.**

**Stuart HOFFIUS, Joseph A. Renihan, Cornelius DeYoung, Dennis Booker, the City of Grand Rapids, Michigan, et al., (Individually), Defendants.**

**Civ. A. No. 4818.**

United States District Court
W. D. Michigan, S. D.

Sept. 16, 1964.

Certiorari Denied May 17, 1965.
See 85 S.Ct. 1458.

FOX, District Judge.

This action is presently before the Court on a motion to proceed in forma pauperis, and to serve process on the named defendants as provided in Rules 4 and 5 of the Federal Rules of Civil Procedure.

I have examined the pleadings and find that the principal action is one in which the plaintiff seeks to proceed under the provisions of Title 28 U.S.C.A. § 1654, in his own person, and he seeks damages under the Civil Rights Act, Title 42 U.S.C.A. §§ 1981, 1983, 1985 and 1986, and in addition under Title 28 U.S.C.A. §§ 1341 and 1343.

The petitioner was tried and convicted by a jury of murder and was sentenced to life imprisonment. His application for leave to appeal to the Michigan Supreme Court was denied. The United States Supreme Court denied his petition for a writ of certiorari, Allen v. State of Michigan, 364 U.S. 934, 81 S.Ct. 382, 5 L.Ed.2d 367, and a petition for rehearing, 365 U.S. 825, 81 S.Ct. 700, 5 L.Ed.2d 704.

Subsequently, petitioner's petition to the United States District Court for the Eastern District of Michigan for a writ of habeas corpus was denied for failure to exhaust state remedies, and the Circuit Court of Appeals affirmed the denial in an unpublished order.

The Supreme Court, in a per curiam decision, vacated the judgment of the Circuit Court of Appeals and returned the case to the District Court for a hearing on remand, Allen v. Bannan, 370 U.S. 725, 82 S.Ct. 1297, 8 L.Ed.2d 802.

After a hearing in the District Court, Judge Fred Kaess presiding, the petition for a writ of habeas corpus was again denied. The District Court issued a certificate of probable cause, and it was then appealed to the Circuit Court of Appeals. The Circuit Court of Appeals in the case of Allen v. Bannan, decided May 20, 1964, 6 Cir., 332 F.2d 399, affirmed the judgment of the District Court denying the writ of habeas corpus.

Richard Allen has been before this Court on previous occasions.

In the case of Richard Allen v. Thaddeus B. Taylor, Stuart Hoffius, Joseph A. Renihan, Harold H. Lehan (Lehman), Cornelius DeYoung and Dennis Booker,

Civil Action No. 3662, commenced June 12, 1959, motions to dismiss were filed by all defendants.

That action likewise was a claim for damages under the Civil Rights Act, in which the petitioner claimed that the defendants under color of state law had conspired to deprive the plaintiff of his rights of due process and equal protection of the law as provided by the Fourteenth Amendment and the Civil Rights Act.

In an opinion filed December 10, 1959, by W. Wallace Kent, Judge of the United States District Court for the Western District of Michigan, the action was dismissed without prejudice to a renewal if the conviction were set aside, or otherwise determined to be invalid.

In Civil Action No. 3781, Richard Allen v. Officials, et al. Superior Court of Grand Rapids, Michigan, plaintiff filed a petition and motion for application for an order for issuance of a writ of habeas corpus ad testificandum, and to file a civil complaint for conspiracy.

On December 10, 1959, Judge W. Wallace Kent denied the motion for the reason that plaintiff was imprisoned in Southern Michigan State Prison, Jackson, Michigan, which is within the jurisdiction of the United States District Court for the Eastern District of Michigan, and not within the jurisdiction of the United States District Court for the Western District of Michigan. The application for leave to proceed in forma pauperis and the action were dismissed.

On January 15, 1960, Richard Allen filed pleadings in Civil Action No. 3810, Richard Allen v. Thaddeus B. Taylor, et al., which Judge W. Wallace Kent described as "impossible for the Court to determine from any of the papers originally filed the relief which was being asked by the plaintiff, or the basis for any action or claim for relief. However, from subsequent pleadings it appears that the plaintiff is asking for a writ of habeas corpus which would require his production for the purpose of

testifying, and for the further purpose of permitting him to sign a civil complaint for conspiracy."

In that case the petitioner also filed a petition for leave to proceed in forma pauperis.

In the same opinion filed by Judge Kent on April 11, 1960, he said:

"No grounds have been stated which would require the Court to change the reasoning which formed the foundation for the decisions in Civil Actions 3662 and 3781. Therefore, this Court is satisfied that any action based upon the present pleadings would have to be dismissed upon motion, and that a petition for permission to proceed in forma pauperis should not be granted."

On July 8, 1960, Richard Allen filed a complaint for conspiracy to defraud and deprivation of civil rights, and a motion to proceed in forma pauperis, in Civil Action No. 3918, in the United States District Court for the Western District of Michigan, against Claude VanderPloeg, Judge of the Superior Court, City of Grand Rapids, Michigan, and James K. Miller, Dale M. Rhodes, et al.

On September 14, 1960, Judge W. Wallace Kent in an opinion on the Court's own motion, struck from the files the pleadings in the case and denied the plaintiff's right to proceed in forma pauperis. An order pursuant to the opinion was entered on September 14, 1960.

On October 7, 1960, the Circuit Court of Appeals denied the petitioner's application for leave to proceed in forma pauperis and leave to file a delayed notice of appeal, for the reason that he had not filed his appeal within the time limited by law.

On October 12, 1960, Richard Allen filed an additional notice of appeal to the Clerk of the District Court, and another motion to proceed in forma pauperis ad-dressed to the Circuit Court of Appeals. Likewise, the second motion to proceed in forma pauperis was denied by the Circuit Court of Appeals, and on October 20, 1960, the Circuit Court of Appeals denied Richard Allen's motion for rehearing.

In Curtis v. Tower, 6 Cir., 262 F.2d 166, Judge Simons held that a state court judgment, "if not vacated, corrected, or amended by the state reviewing courts, or set aside by the Federal Court for invasion of a federal constitutional right, must be accepted by us as in full force and effect."

At page 167, the Circuit Court of Appeals said:

"If the State Court judgment is valid, the appellant has not been injured and his complaint in the District Court sets forth no cause of action under the Civil Rights Act. Wherefore, it must be sustained."

In Allen v. Bannan, 6 Cir., 332 F.2d 399 (1964), the Circuit Court of Appeals stated:

"It is to be emphasized that petitioner's application for leave to appeal to the Supreme Court of Michigan from the jury's verdict of guilty was denied by that Court on February 18, 1959, which was shortly prior to the decision of that Court in the Hamilton case.[1]

\* \* \* \* \* \*

"We find no merit in any of the contentions of petitioner.

"The judgment of the District Court denying writ of habeas corpus is affirmed."

In view of the several actions filed and decided in this court, in the state court, in the United States District Court for the Eastern District of Michigan, and the Circuit Court of Appeals decision in Allen v. Bannan, supra, Richard Allen's petition to proceed in forma pauperis in the instant case is hereby denied.

In addition, the action is dismissed.

1. 359 Mich. 410; 102 N.W.2d 738.