Roger M. LOTT, Plaintiff,

v.

Jack BRONKEMA, Clerk, and Phyllis J. House, Deputy Clerk, Defendants.

Roger M. LOTT, Plaintiff,

v.

HEAD OF DETECTIVE BUREAU, KENT COUNTY SHERIFF'S OFFICE, Arnold O. Pigorsh, Wallace Waalkes, Probate Judge, James K. Miller, William Reinhart, and Police Woman "Mary", Defendants.

Roger M. LOTT, Plaintiff,

v.

Peter VanVLECK, Sheriff, Gerald Kryrunski, Deputy, 1 Unnamed Deputy, R. H. Dodes, Justice of the Peace, Ronald Van Buren, Prosecutor, Morris K. Davis, Judge, Leo B. Bebeau, Judge, and Dean E. Iverson, Probation Officer, Defendants.

Civ. A. Nos. 5410, 5463, 5498.

United States District Court
W. D. Michigan, S. D.

Feb. 3, 1967.

Roger M. Lott, in pro. per.

VanderVeen, Freihofer & Cook, Lowell, Mich., George R. Cook, Lowell, Mich., of counsel, for defendants.

Ronald VanBuren, Lake Odessa, Mich., in pro. per. and for Peter VanVleck.

Welch & Watt, Ionia, Mich., Douglas R. Welch, Ionia, Mich., of counsel, for defendants Dodes and Kryrunski.

Frank J. Kelley, Atty. Gen., by Robert C. Goussy, Asst. Atty. Gen., Lansing, Mich., for remaining defendants.

## OPINION

FOX, District Judge.

These actions involve alleged infringements of plaintiff's civil rights in violation of 18 U.S.C. §§ 241, 242, 1506, 2071; 28 U.S.C. §§ 1331, 1343, 1443; 42 U.S.C. §§ 1982, 1983, 1985(3), 1986, and the Fourteenth Amendment to the Constitution of the United States.

Civil Actions No. 5410 and 5463 were originally commenced in the Federal District Court for the Eastern District of Michigan, Southern Division. Both actions were subsequently transferred to the Western District of Michigan by Judge Thaddeus M. Machrowicz pursuant to 28 U.S.C. § 1404(a). Following their transfer, plaintiff commenced Civil Action No. 5498 in this District on December 3, 1966.

In Case No. 5410, in addition to damages, plaintiff seeks certain records and documents allegedly relating to his arrest on September 25, 1961, and a claimed hearing on September 27, 1961. He claims the documents are essential to prosecution of his appeal in the United States Supreme Court. Plaintiff seeks damages in Civil Actions No. 5463 and 5498.

Some defendants have filed answers to plaintiff's complaints; others have filed motions to dismiss and motions for summary judgment.

In Civil Action No. 5410, defendants Jack Bronkema and Phyllis J. House, Clerk and Deputy Clerk of Kent County, have filed affidavits in support of their motions for summary judgment, which affidavits are to the effect that they are custodians of the records for the County of Kent, and that they have diligently searched the records from 1946 to September 26, 1966, and have found no record of criminal proceedings involving Roger M. Lott.

Defendants in their motion to dismiss Civil Action No. 5463 have attached as Exhibit A, docket entries in the case of People of the State of Michigan v. Roger Martin Lott, which discloses that on June 26, 1964, the Supreme Court of the State of Michigan entered an order denying plaintiff's petition for a writ of habeas corpus.

Subsequently, a petition for writ of certiorari was denied on October 18, 1965, by the United States Supreme Court, No. 43 Misc., Lott, Petitioner v. Michigan et al., 382 U.S. 879, 86 S.Ct. 164, 15 L.Ed.2d 120. On December 16, 1965, an order denying plaintiff's petition to file a delayed appeal was entered by the Ionia Circuit Court, and on January 18, 1966, the same court issued an

order denying a petition for a delayed appeal. Finally, on June 2, 1966, the State Court of Appeals denied plaintiff's petition for a delayed appeal.

Defendants in Civil Action No. 5498 have moved to dismiss on the ground the plaintiff has failed to state a claim upon which relief can be granted in accordance with Rule 12(b) (6) of the Federal Rules of Civil Procedure.

Since all three actions arise out of the same facts relating to the arrest, conviction, and post-conviction proceedings of plaintiff, Roger M. Lott, this opinion will be dispositive of all of them.

A summary of the facts is as follows:

Peter VanVleck, Prosecuting Attorney for Ionia County, filed a complaint with R. H. Dodes, an Ionia Justice of the Peace, on September 27, 1961, alleging that on the 24th of September, 1961, deputy sheriffs of Kent County arrested the plaintiff at his home in Elmdale, Michigan. He was placed in Kent County Jail and detained by the Kent County Sheriff until September 28, 1961, when he was turned over to Ionia County authorities.

Plaintiff pleaded guilty to the crime of statutory rape on December 7, 1961, in the Ionia County Circuit Court. He was represented by an attorney of his own choice, Karl Mikko. The Circuit Court found plaintiff voluntarily and understandingly entered his plea of guilty. On December 19, 1961, Judge Morris K. Davis placed plaintiff on probation for three years.

In July of 1962, upon the complaint of Dean Iverson, an Ionia County probation officer, Judge Leo Bebeau issued a bench warrant for the arrest of the plaintiff. He was charged with having violated his probation by contributing to the delinquency of a fifteen year old girl. When arraigned before Judge Bebeau on July 6, 1962, plaintiff acknowledged the violation of his probation. Judge Bebeau set aside the judgment of probation and then sentenced plaintiff to seven and a half to fifteen years in prison. He is presently serving this sentence.

Plaintiff's conviction by his plea of guilty to statutory rape on December 19, 1961, and his conviction of a violation of probation have not been vacated and the state court judgment which sentenced plaintiff to prison has not been vacated, corrected or amended by the state reviewing courts, or set aside by the Federal Court for invasion of a federal constitutional right.

In Allen v. Hoffius, D.C., 36 F.R.D. 11, 13, cert. den. 381 U.S. 274, 85 S.Ct. 1458, 14 L.Ed.2d 431 (1965), we observed:

"In Curtis v. Tower, 6 Cir., 262 F.2d 166, Judge Simons held that a state court judgment, 'if not vacated, corrected, or amended by the state reviewing courts, or set aside by the Federal Court for invasion of a federal constitutional right, must be accepted by us as in full force and effect.'

"At page 167, the Circuit Court of Appeals said: 'If the State Court judgment is valid, the appellant has not been injured and his complaint in the District Court sets forth no cause of action under the Civil Rights Act. Wherefore, it must be sustained.'"

In United States v. Zavada, 291 F.2d 189 (C.A.6, 1961), the court held that a voluntary plea of guilty constitutes a waiver of an improper arraignment, and that a federal prisoner who pleaded guilty was in no position to successfully move for vacation of a sentence or claim an alleged illegal search and seizure.

In Wallace v. Heinze, 351 F.2d 39, 40 (C.A.9), cert. den. 384 U.S. 954, 86 S.Ct. 1574, 16 L.Ed.2d 550 (1966), the court quoted from Thomas v. United States, 290 F.2d 696–697 (C.A.9, 1961), as follows:

"The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities."

The Sixth Circuit Court in an opinion, Crockett v. Haskins, Supt., 372 F.2d 475, decided November 17, 1966, held:

"It must be presumed that the petitioner made his plea with full knowledge of its consequences. A defendant who enters a voluntary plea of guilty while represented by competent counsel, waives all jurisdictional defects in prior stages of the proceedings."

Therefore, it is ordered that plaintiff's complaints in Civil Actions No. 5410, 5463 and 5498, be and the same are hereby dismissed.