**John A. CURTIS, Appellant,**

v.

**Chester TOWER et al., Appellees.**

**No. 13514.**

United States Court of Appeals
Sixth Circuit.

Jan. 7, 1959.

Samuel M. Allen, Cincinnati, Ohio, for appellant.

Robert D. McClear, Detroit, Mich. (Nathaniel H. Goldstick, Detroit, Mich., on the brief), for appellees.

Before ALLEN, Chief Judge, SIMONS, Circuit Judge, and GOURLEY, District Judge.

SIMONS, Circuit Judge.

The appellant is presently serving an indeterminate sentence of twenty to forty years upon conviction by a jury for the crimes of assault and armed robbery committed March 11, 1949. After three futile motions for new trial in the trial court, the overruling of two petitions for writs of habeas corpus by the Supreme Court of Michigan, the abandonment of an application for leave to appeal to the Michigan Supreme Court, the failure of his two petitions for habeas corpus in the United States District Court for the Eastern District of Michigan, and the dismissal of a previous complaint in the

same court, he again seeks a remedy in the District Court under the Federal Civil Rights Statute, 42 U.S.C.A. § 1983 and § 1985, by way of a claim for compensation for injuries received at the hands of a group of police officers, his appointed counsel, and an Assistant Prosecuting Attorney of Wayne County. The District Judge, upon his own motion, dismissed the appellant's complaint upon the ground that nothing therein indicated that the District Court had jurisdiction of the subject matter thereof.

After the denial of the appellant's motion for authority to proceed in forma pauperis, the appellant was permitted to appeal to this court. In pursuance of his appeal, he was represented by able counsel at the hearing who made a well considered oral argument supplementing an exhaustive brief. The record here filed, however, fails to show that the defendants below had been served with process. They made no response there to the complaint though all but one filed appearances here and move to dismiss the appeal.

 As the case now stands in this court, there is a judgment of conviction and sentence upon a verdict of a duly impaneled jury unimpeached by any adjudication in the courts of the State or in a District Court of the United States. Michigan's corrective process for reviewing judicial determinations in criminal cases is adequate. Whalen v. Frisbie, 6 Cir., 185 F.2d 607, Mahler v. Frisbie, 6 Cir., 193 F.2d 319, and Mulvey v. Jacques, 6 Cir., 199 F.2d 300. Michigan law also permits a convicted defendant in a criminal case to file a delayed application for leave to appeal without limitation of time. People v. Hurwich, 259 Mich. 361, 243 N.W. 230; People v. Burnstein, 261 Mich. 534, 246 N.W. 217. The judgment of the State Court, if not vacated, corrected, or amended by the state reviewing courts, or set aside by the Federal Court for invasion of a federal constitutional right, must be accepted by us as in full force and effect unless it is vacated by a state or federal court for some invasion of federal constitution-al right. No such adjudication is perceived of record or urged in brief or argument and there has been no appeal from the several judgments overruling petitions for writs of habeas corpus in the District Court. If the State Court judgment is valid, the appellant has not been injured and his complaint in the District Court sets forth no cause of action under the Civil Rights Act. Wherefore, it must be sustained.

To this must be added the fact, sufficiently clear upon the record, that the defendants were not served with process in the District Court, so that there is no case or controversy before us in the constitutional sense. So, viewing the posture of the case, we do not reach issues of limitation or other defenses presented.

The appeal is dismissed.