356 F.2d 52
 Charles MINCHELLA, a/k/a Charles Mitchell, Appellant,
v.
The ESTATE of Honorable W. McKay SKILLMAN, Judge of the
Recorder's Court ofthe City of Detroit, Deceased, Honorable
Frank G. Schemanske, Judge of theRecorder's Court of the
City of Detroit (Assistant Prosecuting Attorney,
WayneCounty,Michigan, 1931-1934), The Estate of Harry S.
Toy, Deceased, (ProsecutingAttorney, Wayne County, Michigan,
1931-1934), W. Gomer Krise, (Chief AssistantRposecuting
Attorney, Wayne County, Michigan, 1931-1934), Chester A.
Griffith,Detective Sergeanton the Metropolitan Police Force,
Detroit, 1929-1930-1931-1932-1933-1934-1935and 1936, and
Herbert L. Hines, a Detective on the Metropolitan Police
Force,Detroit, for 20 years at Recorder's Court of Detroit
in 1931, individually andseverally,Appellees.
 No. 16283.
 United States Court of Appeals Sixth Circuit.
 Feb. 10, 1966.
 
 Charles Minchella, in pro. per.
 Samuel J. Torina, Detroit, Mich., on briefs, for appellees.
 Before EDWARDS, Circuit Judge, CECIL, Senior Curcuit Judge, and KENT, District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff Minchella (appearing in proper) filed a complaint under the Civil Rights Act, 42 U.S.C. 1983, against a judge and several members of the prosecutorial and police staff in Detroit, all of whom were connected with his conviction for kidnapping in the year 1931. The essence of the action is the allegation of a joint tort asserted to have been committed by all the defendants in a conspiracy to imprison appellant illegally.
 
 
 2
 The kidnapping charge was the subject of a jury trial and subsequently a direct appeal to the Supreme Court of Michigan, which affirmed the conviction in People v. Minchella, 268 Mich. 123, 255 N.W. 735, 93 A.L.R. 805 (1934). Mr. Minchella served his term under the sentence imposed and was released from prison in 1953. The conviction has never been attacked or overturned.
 
 
 3
 In the instant proceeding (filed in 1964), the prosecuting attorney of Wayne County appeared and moved to dismiss the bill of complaint. The motion was based 1) on the grounds of judicial and official immunity, 2) on the ground that this suit represented a collateral attack upon an unreversed judgment of conviction which had been upheld by the Supreme Court of Michigan, and 3) on the ground that the Michigan statute of limitations, which is applied under Civil Rights Act cases, limited this action, if it existed at all, to a period of two years after appellant's release from imprisonment.
 
 
 4
 The District Judge granted the motion to dismiss in a well-reasoned opinion.
 
 
 5
 Plaintiff's motion for leave to appeal in forma pauperis was granted by this court and the case was presented upon briefs-- oral argument being waived.
 
 
 6
 A careful review of the briefs and the file indicates conclusively to us that the complaint on its face states facts which establish (as the District Judge found) that it is barred by the applicable statute of limitations. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Crawford v. Zeitler, 326 F.2d 119 (C.A.6, 1964); Suckow Borax Mines Consol. v. Borax Consolidated, 185 F.2d 196 (C.A.9, 1950), cert. denied, 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951); Anderson v. Linton, 178 F.2d 304 (C.A.7, 1949).
 
 
 7
 We now hold that the motion to proceed in this appeal in forma pauperis was improvidently granted. The appeal is dismissed as frivolous. 28 U.S.C. 1915(d).
 
 
 
 [1]
 W. Wallace Kent, United States District Judge fo the Western District of Michigan, sitting by designation