Thomas U. MULLIGAN, Plaintiff-Appellant,

v.

Detective SCHLACHTER, Sergeant Ware, Lieutenant Morin, and Benjamin J. Safir, Defendants-Appellees.

No. 17631.

United States Court of Appeals Sixth Circuit.

Feb. 9, 1968.

Thomas U. Mulligan, Jackson, Mich., for appellant.

Robert Reese, Corporation Counsel, John E. Cross, William P. Doran, Asst. Corporation Counsel, Detroit, Mich., for appellees.

Before PECK, McCREE, and COMBS, Circuit Judges.

PER CURIAM.

█ This is an appeal from the dismissal of a complaint brought by appellant under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3),[1] alleging that

1. 42 U.S.C. § 1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

appellees Schlachter, Ware, and Morin conspired to and did deprive appellant of rights secured to him by the Constitution by arresting him without probable cause on a charge of murder for which he was subsequently convicted and is now incarcerated, and by seizing his property without probable cause, and that appellee Safir, an attorney, deprived him of constitutional rights by inadequately representing him at his trial.[2]

Appellees moved for dismissal on the ground that no cause of action had been stated. In the alternative, they moved for summary judgment, submitting affidavits tending to show that the arrest had been based on probable cause and that the search and seizure had been incident to the lawful arrest. The District Court did not rule on the motions for summary judgment, but instead dismissed the complaint on the authority of Curtis v. Tower, 262 F.2d 166 (6th Cir. 1959), where we stated:

> The judgment of the State Court, if not vacated, corrected, or amended by the state reviewing courts, or set aside by the Federal Court for invasion of a federal constitutional right, must be accepted by us as in full force and effect * * *. If the State Court judgment is valid, the appellant has not been injured and his complaint in the District Court sets forth no cause of action under the Civil Rights Act. 262 F.2d at 167.

Curtis was decided prior to the decision of the Supreme Court in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), in which the Court held that members of a family who had been routed from bed and made to stand naked in their living room while their home was searched by police officers, who later detained and interrogated the father for ten hours without taking him before an available magistrate, had stated a cause of action under the Civil Rights Act. In Monroe, the Court stated:

> It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked. 365 U.S. at 183, 81 S.Ct. at 482.

Although all the implications of Monroe have yet to be worked out by the courts, it is apparent that our statement in Curtis does not make sufficient allowance for the distinct federal interests which are protected by the Civil Rights Act. It is true that in Monroe, the complainants were never brought to trial for the offense to which the search allegedly related, but a trial does not necessarily provide adequate recompense for constitutional deprivations. If, for example, an individual is arrested without probable cause, he cannot use this fact to attack his criminal prosecution unless the arrest resulted in the seizure of evidence. While considerations of state-federal

---

injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1985(3):

> If two or more persons in any State or Territory conspire * * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party

so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

2. In his complaint, appellant also suggests that a judge of the Recorder's Court of Detroit violated the Civil Rights Act by failing to provide appellant with counsel at his arraignment on the murder charge. The judge, however, is not listed as a defendant in the caption of the complaint. Moreover, no relief is sought against the judge. In any event, the judge, acting in his judicial capacity, would be immune from suit under the Civil Rights Act. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

comity and judicial efficiency may dictate that a civil rights action be dismissed when the alleged deprivation has been examined fully during a state criminal trial or has been waived by the complainant, the simple fact of an unreversed state conviction cannot by itself require dismissal.

 Although the District Court relied primarily upon *Curtis*, we hold nevertheless that its judgment in this case must be affirmed. With regard to the allegation that appellee Safir represented appellant inadequately, no cause of action has been stated because § 1983 provides a remedy only against one acting under color of state law. Safir, a private attorney, does not fall within this category, despite the fact that he had been appointed by the court. Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa.1967). With regard to the allegedly unlawful arrest and search by the police officers, we find that appellant's claim is barred by the applicable statute of limitations, a defense which was asserted before the District Court in the answer of appellee Safir. Since the Civil Rights Act itself contains no limitation period, the courts will look to the most analogous statute of limitations of the state where the cause of action arose. Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964); Minchella v. Estate of Skillman, 356 F.2d 52 (6th Cir. 1966). Michigan provides a two-year limitation period for actions charging false imprisonment, malicious prosecution, or misconduct of sheriffs and their deputies. M.S.A. § 27A.5805, C.L.Mich. 1948, § 600.5805 [P.A.1961, No. 236]. Appellant was tried for murder in 1959 and did not file his civil rights action until 1965. Although M.S.A. § 27A.5851, C.L.Mich.1948, § 600.5851 [P.A.1961, No. 236] suspends the running of the statute if a cause of action accrues while the prospective complainant is imprisoned, appellant's cause of action in this case accrued prior to his incarceration. With regard to appellant's allegation of conspiracy, it is to be observed that § 1985(3) applies by its terms only to conspiracies to deprive of equal protection or of privileges and immunities, and not of due process. However, even if a cause of action has been stated under § 1985 (3), we hold that this claim is subject to the same limitation period as that which we have applied to the alleged § 1983 violations, and the claim is therefore barred.

Affirmed.

JOHN W. PECK, Circuit Judge (concurring).

I agree that affirmance of the judgment of the District Court is required on the grounds that no cause of action has been stated as to appellee Safir and that as to the other appellees the statute of limitations has run, but would refrain from expressing an opinion as to the inroads of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) into Curtis v. Tower, 262 F.2d 166 (6th Cir. 1959) until such expression becomes necessary.