Joseph KAUFFMAN, Appellant,

v.

Milton D. MOSS, District Attorney, W. H. Harner, Detective Captain, Charles Lennox, County Detective, and Francis Lynch, Detective Sergeant.

No. 17686.

United States Court of Appeals
Third Circuit.

Submitted on Briefs Nov. 3, 1969.

Decided Jan. 14, 1970.

Maris, Circuit Judge, dissented in part.

Joseph Kauffman, pro se.

Richard A. Devlin, Paul W. Tressler, Asst. Dist. Attys., Norristown, Pa., for appellees.

Before MARIS, SEITZ and STAHL, Circuit Judges.

OPINION OF THE COURT

STAHL, Circuit Judge.

This is an appeal from an order dismissing a civil rights complaint.

Appellant, according to his brief, was convicted by a jury of conspiracy to com-

mit burglary, burglary and larceny in a Pennsylvania state court. He brought this suit for damages, *pro se*, under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, against the District Attorney of Montgomery County and three law enforcement officers, alleging that they had conspired to secure his convictions by the knowing use of perjured testimony. Appellees' motion to dismiss the complaint under FRCiv.P 12(b) was granted by the district court on the following grounds: [1]

(1) The issue of the veracity of the witnesses had been decided against appellant at his state criminal trial and, therefore, he was collaterally estopped [2] from bringing a civil damage suit based on the alleged use of perjured testimony against him; and

■ (2) Appellant's complaint consisted of broad conclusionary allegations not supported by specific factual averments. [3]

■ At the outset we note that apart from the reasons stated by the district court, the dismissal of the complaint as to the district attorney, Moss, was proper on other grounds and should, therefore, be affirmed. Appellees, including Moss, moved to dismiss the complaint on the ground, *inter alia,* that it failed to set forth a cause of action. Treating this as a Rule 12(b) motion for "failure to state a claim upon which relief can be granted," the district court could properly have sustained the motion as to appellant Moss on the basis of prosecutorial immunity.

■ A state prosecuting attorney is immune from liability under the Civil Rights Act, unless his alleged actions

1. Appellant's Appendix 12. The lower court's memorandum opinion is presently unreported.

2. While the district court did not specifically refer to the doctrine of collateral estoppel, that this was one of the grounds for the decision is clear from the court's reliance on Curtis v. Tower, 262 F.2d 166 (6th Cir. 1959), discussed *infra*, and Gaito v. Strauss, 249 F.Supp. 923 (W.D. Pa.1966), *aff'd on other grounds*, 368 F.2d 787 (3d Cir. 1966).

3. As an additional reason for dismissing the complaint, appellees, and the district court, cite Hurlburt v. Graham, 323 F.2d 723 (6th Cir. 1963), for the proposition that allegations of conviction by perjured testimony are not sufficient to state a claim under the Civil Rights Act. In *Hurlburt* the court stated:

Nor do we think that giving a false version of the accident (which plaintiff claims the officers and other defendants did) would bring the case under the Civil Rights Act. If the rule were otherwise, any disgruntled litigant who lost his case in the state court could get a retrial * * * by alleging that his opponent gave a false account of the controversy. 323 F.2d at 725.

No authority was cited in *Hurlburt* in support of this statement. Moreover, whatever the validity of this rule when applied to civil rights suits based on allegations of perjury alone, we believe that claims of a conspiracy by state officers to convict a person of a crime by the knowing use of perjured testimony, when set forth with sufficient specificity, are not categorically deficient in stating a claim under the Civil Rights Act.

Pugliano v. Staziak, 231 F.Supp. 347 (W.D.Pa.1964), *aff'd per curiam*, 345 F.2d 797 (3d Cir. 1965), is not to the contrary. In *Pugliano*, a case factually similar to the instant claim, the court granted *summary judgment* after an exhaustive examination of the affidavits, trial records and other documents on the ground that plaintiff had failed to "set forth specific facts showing that there [was] a genuine issue for trial," as required by Rule 56(e). 231 F.Supp. at 352.

We note in this connection that the Supreme Court has repeatedly held that the knowing use of false testimony by a state against an accused at a criminal trial offends fundamental fairness and constitutes a denial of due process of law guaranteed by the Fourteenth Amendment. Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Alcorta v. Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957); Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935). *Cf.* Curran v. Delaware, 259 F.2d 707 (3d Cir. 1958); United States v. Rutkin, 212 F.2d 641 (3d Cir. 1954); United States ex rel. Almeida v. Baldi, 195 F.2d 815, 33 A.L.R.2d 1407 (3d Cir. 1952).

are clearly outside the scope of his jurisdiction. Bauers v. Heisel, 361 F.2d 581 (3d Cir. 1966). Here appellee Moss was acting within his jurisdiction in bringing a criminal charge against appellant for a claimed violation of state law regardless of the allegations that the subsequent conviction was the result of perjured testimony. We therefore affirm the district court's dismissal of the complaint as to the district attorney on the ground that, because of his immunity from suit, the complaint failed to state a claim upon which relief could be granted against him. Bauers v. Heisel, *supra* at 592.

■ Having determined that the judgment of dismissal as to appellee Moss should not be disturbed, we now turn to a consideration of the grounds stated by the district court for dismissing the complaint against the remaining appellees.[4] In determining that appellant's civil rights suit was barred by his prior conviction, the district court relied on Curtis v. Tower, 262 F.2d 166 (6th Cir. 1959).[5] In *Curtis*, decided prior to Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the court upheld the dismissal of a civil rights action, apparently on the basis of collateral estoppel, stating:

The judgment of the State Court, if not vacated, corrected, or amended by the state reviewing courts, or set aside by the Federal Court for invasion of a

federal constitutional right, must be accepted by us as in full force and effect unless it is vacated by a state or federal court for some invasion of federal constitutional right. * * * If the State Court judgment is valid, the appellant has not been injured and his complaint in the District Court sets forth no cause of action under the Civil Rights Act. 262 F.2d at 167.

However, the language quoted above has subsequently been repudiated by the Sixth Circuit in Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968). In that case the plaintiff, who had been convicted of murder in the state court and was then serving his sentence, alleged a deprivation of civil rights by his arrest and seizure of his property without probable cause. The court of appeals reversed the dismissal of the civil rights claim, stating:

[I]t is apparent that our statement in *Curtis* does not make sufficient allowance for the distinct federal interests which are protected by the Civil Rights Act. * * * While considerations of state-federal comity and judicial efficiency may dictate that a civil rights action be dismissed when the alleged deprivation has been examined fully during a state criminal trial or has been waived by the complainant, the simple fact of an unreversed state conviction cannot by itself require dismissal. 389 F.2d at 232–233.

---

4. Appellees Harner and Lynch are members of the Cheltenham Township police department. Appellee Lennox is a county detective in Montgomery County. Police officers, of course, are not immune from liability under the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

5. The district court also cited Gaito v. Strauss, 249 F.Supp. 923 (W.D.Pa.1966), as support for its conclusion that appellant was collaterally barred from bringing the instant suit. In *Gaito*, the district court dismissed a civil rights claim by a prisoner who alleged deprivation of lib-

erty as a result of a conspiracy by the district attorney and others to convict him illegally. The dismissal of the complaint was based, *inter alia*, on the ground of prior adjudication at plaintiff's criminal trial of the issues raised in the civil rights suit, including the veracity and credibility of witnesses at the prior trial. As the district court in the present case recognized, however, this court affirmed *Gaito* on appeal solely on the ground that the statute of limitations had run against the civil rights claim and we therefore did not consider the propriety of the collateral estoppel ground. 368 F.2d 787.

■ We agree with the Sixth Circuit's holding in *Mulligan*. We therefore proceed to determine whether in the circumstances of this case the district court properly dismissed the civil rights complaint on the ground of prior adjudication.

■ The standard for determining if litigation of a question in a civil suit is barred by a prior criminal trial is whether the question was " 'distinctly put in issue and directly determined' in the criminal prosecution. * * * In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment." Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). Where a motion to dismiss is made on the basis of collateral estoppel, it is usually necessary for the court to examine the record of the prior trial,[6] unless it appears on the face of the complaint that it is barred by issues decided in the prior adjudication.[7] Reasonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel.[8]

■ If, as is generally the case, the trial court must consider matters outside the complaint in deciding whether collateral estoppel is applicable, then the motion must be treated as one for summary judgment and be disposed of in accordance with Rules 12(b) and 56.[9]

The use of collateral estoppel in a civil rights case was dealt with by this court in Basista v. Weir, 340 F.2d 74 (3d Cir. 1965), a suit against police officers for assault and battery and false arrest, where it was held that the trial judge erroneously directed a verdict for the defendants on the ground, *inter alia*, of collateral estoppel. In that case the plaintiff had previously been convicted of assault and battery against the defendant police officers. On appeal, we held:

> [T]he transcript of the proceedings of Basista's trial before the Court of Quarter Sessions was not admitted in evidence and therefore there could be no collateral estoppel. Lacking a certified copy of the transcript we are uninformed as to what acts of Basista furnished the foundation for his conviction on the charge of assault and battery. * * * [A]t best, the present Quarter Sessions judgment against Basista is ambiguous and therefore must be treated as insufficient to support collateral estoppel. 340 F.2d at 81–82.

---

6. In Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951), the Court said:
   [W]hat was decided by the criminal judgment must be determined by the trial judge hearing the * * * [civil] suit, upon an examination of the record, including the pleadings, the evidence submitted, the instructions under which the jury arrived at its verdict, and any opinions of the courts.
   *Cf.* Sealfon v. United States, 332 U.S. 575, 578–580, 68 S.Ct. 237, 92 L.Ed. 180 (1948); Cities Service Co. v. S. E. C., 257 F.2d 926, 928, 930 (3d Cir. 1958).

7. Palma v. Powers, 295 F.Supp. 924, 941 (N.D.Ill.1969); Jones v. Miller, 2 F.R.D. 479 (W.D.Pa.1942). *Cf.* Miller v. Shell Oil Co., 345 F.2d 891 (10th Cir. 1965); Southard v. Southard, 305 F.2d 730 (2d Cir. 1962).

8. Northern Oil Co. v. Socony Mobil Oil Co., 368 F.2d 384, 388 (2d Cir. 1966); Travelers Indemnity Co. v. Arbogast, 45 F.R.D. 87, 89 (W.D.Pa.1968).

9. *See* United States v. Fabric Garment Co., 366 F.2d 530, 533–534 (2d Cir. 1966); Moran v. Paine, Webber, Jackson and Curtis, 279 F.Supp. 573, 578 (W.D.Pa. 1967); Philadelphia Workingmen's Saving Loan & Building Ass'n v. Albert M. Greenfield & Co., 9 F.R.D. 71 (E.D.Pa. 1949).
   Because the district court did not dispose of this case under Rule 56, and because there is no reference to the record of the prior trial in the lower court's opinion, we believe it is fair to assume that there was no examination of the criminal trial transcript.

Similarly, in the instant case, without examination of the record in the appellant's state trial, the court below could not know whether the veracity of the state's witnesses had been adequately put in issue by appellant nor whether the general verdict of guilty was necessarily based on the acceptance by the jury [10] of the truth of the alleged perjured testimonly so as to permit the state judgment to bar the present claim of perjury.[11] While the case may be appropriate for summary judgment upon consideration of the criminal trial record,[12] it was error to dispose of the complaint by a motion to dismiss on the ground of estoppel.

From the foregoing discussion, it is apparent that the complaint should not have been dismissed provided a claim for relief was otherwise properly stated. The district court in its memorandum opinion characterized appellant's complaint as "a series of conclusionary allegations unsupported by facts." This court has adopted the rule that complaints in civil rights case must be specifically pleaded in order to avoid a motion to dismiss. Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967).[13] While we ad-

10. We believe the principles expressed in this part of the opinion apply whether the issue as to which collateral estoppel is sought to be raised relates to truthfulness, i. e., perjury, or to other matters, such as search and seizure, assault and battery and the like. In our view, a guilty verdict per se no more establishes the veracity of every witness than it determines which of several alternative factual combinations the jury believed.

11. We note that appellant's allegation that appellees *conspired* to commit perjury and subornation of perjury would not in itself be sufficient to avoid dismissal of the complaint or summary judgment for appellees *on the ground of collateral estoppel*. While it is clear that the conspiracy issue could not have been decided by appellant's prior criminal conviction, nevertheless if appellant is barred from litigating the existence of perjury itself, then he has no right to recover for conspiracy to commit or suborn perjury. If appellant is unable to show that perjury was actually committed, then he has suffered no injury and is entitled to no redress.

12. *See* United States v. Fabric Garment Co., *supra*; United States v. Doman, 255 F.2d 865 (3d Cir. 1958), affirming summary judgments in civil suits brought by the Government, based on issues decided in prior criminal trials; Bradford v. Lefkowitz, 240 F.Supp. 969, 971 (S.D. N.Y.1965); United States v. Myers, 38 F.R.D. 194 (N.D.Cal.1964); United States v. Salvatore, 140 F.Supp. 470 (E.D.Pa.1956); *cf.* Breeland v. Security Insurance Co. of New Haven, 421 F.2d 918 (5th Cir. 1969), affirming, in a di-

versity case, summary judgment which was granted against a plaintiff on the ground that plaintiff's prior criminal conviction for fraud in procurng an insurance policy barred relitigation of that issue in plaintiff's subsequent civil action against the insurance company for the proceeds of the policy; United States v. United States Coin and Currency, etc., 379 F.2d 946, 947 (7th Cir. 1967), *vacated and remanded,* Stone v. United States, 390 U.S. 204, 88 S.Ct. 899, 19 L.Ed.2d 1035 (1968).

13. *See also* Goslee v. Crawford, 411 F.2d 1200 (3d Cir. 1969); Pusateri v. Johnston, 398 F.2d 327 (3d Cir. 1968); United States ex rel. Hoge v. Bolsinger, 311 F. 2d 215 (3d Cir. 1962), *cert. denied,* 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed.2d 735 (1963). We recognize that other circuits seem to have taken a contrary position. *See, e. g.,* Johnson v. Mueller, 415 F.2d 354 (4th Cir. 1969); Shock v. Tester, 405 F.2d 852, 854 (8th Cir.), *cert. denied,* 394 U.S. 1020, 89 S.Ct. 1641, 23 L.Ed. 2d 45 (1969); Dodd v. Spokane County, 393 F.2d 330 (9th Cir. 1968); Barnes v. Merritt, 376 F.2d 8 (5th Cir. 1967). For cases in accord with the *Negrich* rule, see Dunn v. Gazzola, 216 F.2d 709 (1st Cir. 1954); Ortega v. Ragen, 216 F.2d 561 (7th Cir. 1954), *cert. denied,* 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268 (1955). *Compare* Adickes v. S. H. Kress & Co., 409 F.2d 121, 126 (2d Cir. 1968), *cert. granted,* 394 U.S. 1011, 89 S.Ct. 1635, 23 L.Ed.2d 38 (1969), and Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965), *with* Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969), and Holmes v. New York City Housing Authority, 398 F.2d 262, 265 (2d Cir. 1968).

here to this rule, we do not thereby intend to subvert the liberal policy favoring amendment of complaints as expressed in Rule 15(a).[14] The considerations underlying the *Negrich* requirement[15] must be balanced against the equally important policies that *pro se* litigants not be denied the opportunity to state a civil rights claim because of technicalities,[16] and that litigation, where possible, should be decided on the merits.[17]

■ Here, since judgment has been entered on the motion to dismiss, appellant no longer has the right to amend his complaint as of course. Kelly v. Delaware River Joint Comm., 187 F.2d 93 (3d Cir.), *cert. denied,* 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1950).[18] However, under Rule 15(a), the district court is enjoined to "freely" permit amendment as a matter of discretion. We recognize that since the court below believed that the instant complaint was barred by collateral estoppel, it had no occasion to exercise its discretion to permit appellant to make a more specific pleading. In this case we are of the opinion, however, that such discretion should be exercised to permit amendment.[19]

We therefore affirm the judgment below as to appellee Moss, and remand the case to the district court with directions that the judgment with respect to the remaining appellees be vacated and leave granted to amend within such reasonable period after vacation of the judgment as may be fixed by the court.

The judgment of the district court will be affirmed in part and vacated in part and the case remanded to the district court in accordance with this opinion.

---

14. *See* United States v. Hougham, 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960); Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795 (3d Cir. 1967); 3 Moore, Federal Practice ¶ 15.02 [1] (2d ed. 1968).

15. The reason for the *Negrich* exception to the general rule of "notice pleading" was well stated in Valley v. Maule, 297 F. Supp. 958 (D.Conn.1968). Citing *Negrich,* the court said:

> As a general rule notice pleading is sufficient, but an exception has been created for cases brought under the Civil Rights Acts. The reason for this exception is clear. In recent years there has been an increasingly large volume of cases brought under the Civil Rights Acts. A substantial number of these cases are frivolous or should be litigated in the State courts; they all cause defendants—public officials, policemen and citizens alike—considerable expense, vexation and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims. *Id.* at 960.

*Cf.* United States v. Gustin-Bacon Division, etc., 302 F.Supp. 759 (D.Kan.1969).

16. Lockhart v. Hoenstine, 411 F.2d 455, 458–459 (3d Cir. 1969); Picking v. Pennsylvania R. R., 151 F.2d 240, 244 (3d Cir. 1945).

17. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

18. *But see* Wright, Federal Courts § 66, p. 239 (1963).

19. *See* Ballou v. General Electric Co., 393 F.2d 398 (1st Cir. 1968); Bonanno v. Thomas, 309 F.2d 320 (9th Cir. 1962).

Appellant's brief to this court states that two of the witnesses appellees allegedly induced to give perjured testimony against him have never been charged or prosecuted although they allegedly confessed to participation in the same crime for which appellant was convicted. Appellant further states that District Attorney Moss made certain oral statements to the effect that he would "put appellant away for life." While these claims, even if properly alleged, would not in themselves be enough to render the complaint sufficient, they are indicative of the possibility that appellant may be able to state an adequate claim for relief.

SEITZ, Circuit Judge, concurs in the result.

MARIS, Circuit Judge (concurring in part and dissenting in part).

I am fully in accord with the reasoning and conclusion of the majority that the judgment of dismissal should be affirmed as to the defendant Moss. But I cannot agree that the district court erred in dismissing the complaint as to the other defendants also, for I think that the question of perjury in the plaintiff's criminal trial in the Pennsylvania court which he now seeks to litigate was necessarily determined against him by the verdict and judgment of guilty rendered in that trial and that he is accordingly estopped from relitigating it here. And, of course, if the testimony of the Commonwealth's witnesses, on which the plaintiff admits he was convicted, was truthful, as I believe the verdict against him necessarily decided, then his charge of conspiracy necessarily fails.

I agree, of course, that, as the Supreme Court held in Emich Motors Corp. v. General Motors Corp., 1951, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534, in determining whether the litigation of a question in a civil suit is barred by the judgment of conviction in a prior criminal suit, the standard is whether the question was " 'distinctly put in issue and directly determined' in the criminal prosecution." But I note that in the Emich Motors Corp. case the Court also said: "In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment." It is true that in most cases it may not appear with certainty from the face of the plaintiff's civil complaint that the issue upon which he seeks to rely was "distinctly put in issue and directly determined" by the jury in his prior criminal trial. Our case of Basista v. Weir, 1965, 340 F.2d 74, presents such a situation.

However, where as here the issue involved is whether the prosecution witnesses, upon the basis of whose false testimony the plaintiff says that he was convicted, did actually commit perjury at his trial, the issue is one the resolution of which by the jury was "essential to the verdict." For if, as the plaintiff alleges, it was the testimony of those witnesses which influenced the jury to find him guilty, the jurors must necessarily have believed them to be telling the truth. I think, therefore, that the district court rightly concluded that the judgment entered on the verdict of guilty in the plaintiff's prior criminal trial estopped him from relying in his present suit upon the claim that they committed perjury, regardless of whether or not the issue of their veracity was distinctly put in issue by the charge of the trial judge. Certainly the basic function of the fact finder, be he juror or judge, in every trial which is contested on the facts is to determine where the truth lies. He is always squarely faced with this task and he must perform it if he is faithful to his sworn duty to render a true verdict. And in doing so he necessarily determines that the testimony of those witnesses is truthful which is necessary to his findings. I think, therefore, that, at least in the absence of allegations of fraud in the conduct of the jurors in the performance of their duty or other intrinsic fraud in the trial, and there are no such allegations here, the district court was fully justified in holding that the plaintiff was estopped from relying in the present suit upon allegations of perjury by the Commonwealth's witnesses upon whose testimony he admits that he was convicted and in dismissing the complaint as to all the defendants.

Since in my view the judgment of dismissal was right and should be affirmed in whole, I would not, gratuitously, open it to permit amendment of the complaint, as the majority proposes to do.