802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. CAMPBELL, Plaintiff-Appellant,
v.
Peter ROSENWALD; Robert Hastings; Robert Gensler,
Defendants-Appellees.
 No. 85-3222.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1986.
 
 1
 Before MERRITT and GUY, Circuit Judges, and BALLANTINE, District Judge*.
 
 ORDER
 
 2
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's final order dismissing his eight rights complaint. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff filed a complaint in the district court under 42 U.S.C. Sec. 1983 alleging that his representation by defendants, court appointed counsel, was ineffective due to their involvement in a conspiracy with the state to deprive him of due process and assure his conviction. The district court dismissed the complaint as frivolous, holding that a private attorney appointed to represent an indigent defendant does not act under color of state law, and hence, is not liable for damages under 42 U.S.C. Sec. 1983. Plaintiff appealed.
 
 
 4
 Upon consideration, this Court finds that the district court's final order must be affirmed. The district court's sua sponte dismissal of plaintiff's complaint under 28 U.S.C. Sec. 1915(d) was not an abuse of discretion. Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986), Plaintiff's allegations are conclusory, and fail to factually demonstrate that a constitutional deprivation occurred under color of state law. See Imbler v. Pachtman, 424 U.S. 409 (1976); Flagg Brothers, Inc. v. Brooks, 436 U.S. 249 (1978); Bier v. Fleming, 717 F.2d 308 (6th Cir. 1983), cert. denied, 465 U.S. 1026 (1984). Having failed to establish the state's involvement in a conspiracy, defendants cannot be held liable under section 1983 as private individuals. Precisely, defendants are attorneys in private practice. Attorneys in practice appointed to represent an indigent defendant do not act under color of state law, an element required to sustain a section 1983 action. See Polk County v. Dodson, 454 U.S. 312 (1981); Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968).
 
 
 5
 It is ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, U.S. District Judge for the Western District of Kentucky, sitting by designation