AMERICAN STORES PROPERTIES,
INC., Plaintiff,

v.

SPOTTS, STEVENS & McCOY,
INC., et al., Defendants.

Civil Action No. 05–1461.

United States District Court,
E.D. Pennsylvania.

Aug. 13, 2009.

Craig R. Mariger, J. Angus Edwards, Jones Waldo Holbrook & McDonough, Salt Lake City, UT, Gerald E. Burns, Suzanne Ilene Schiller, Spector Gadon & Rosen PC, Buchanan, Ingersoll & Rooney, Philadelphia, PA, for Plaintiff.

Stacey A. Scrivani, Julie E. Ravis, Stevens & Lee, P.C., Joseph A. La Flamme, Paul R. Ober, Paul R. Ober & Associates, Reading, PA, James R. Newland, Jr., Thelen Reid Brown Raysman & Steiner LLP, Michael Evan Jaffe, Pillsbury Winthrop

Shaw Pittman LLP, Washington, DC, Kevan Francis Hirsch, Mohammad A. Ghiasuddin, Kaplin Stewart Meloff Reiter & Stein PC, Blue Bell, PA, Michael S. Takacs, Wilson Elser Moskowitz Edelman & Dicker LLP, Henri Marcel, Michael F. Schleigh, Deasey, Mahoney, Valentini, North Ltd., Robert S. Davis, Davis Parry Tyler, Karl S. Myers, Stradley, Ronon, Stevens & Young, LLP, Philadelphia, PA, Bruce W. McCullough, Bodell Bove Grace & Van Horn PC, Wilmington, DE, John C. Guldin, Stephen E. Moore, Forry Ullman PC, King of Prussia, PA, Glenn M. Campbell, Gibley and McWilliams PC, Media, PA, for Defendants.

## *OPINION AND ORDER*

SLOMSKY, District Judge.

## I. INTRODUCTION

This matter is a complex construction case arising from the alleged failure and distress of three retaining walls at Plaintiff American Stores Properties, Inc.'s ("ASPI") food distribution center in Denver, Pennsylvania (the "Distribution Center"). Plaintiff commenced this action on March 29, 2005 and filed its Amended Complaint (Doc. No. 2) on July 22, 2005, naming as defendants twelve parties that were involved in various aspects of the construction of the retaining walls. The named defendants are: (1) Spotts, Stevens, & McCoy, Inc.; (2) Clark/Epstein;[1] (3) The Clark Construction Group, Inc.; (4) A. Epstein & Sons, International, Inc.; (5) Earth Engineering, Inc.; (6) Handwerk Contractors;[2] (7) MacCaferri Gabions, Inc. ("MGI"); (8) Baseline Contracting, Inc.; (9) Haines & Kibbelhouse, Inc.; (10) High Associates, Ltd. ("High"); (11) CBL Service Corporation (f/k/a Lenders Support Group, Inc.) ("CBL/LSG"); and (12) Timothy E. Debes.

Currently before the Court is Defendant CBL/LSG's Motion to Dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on September 16, 2005 (Doc. No. 39). Plaintiff filed its Opposition to Defendant CBL/LSG's Motion to Dismiss (Doc. No. 73) on October 17, 2005. On October 20, 2005, Defendant CBL/LSG filed a Reply (Doc. No. 76).

This action was transferred to the docket of this Court on April 30, 2009.

## II. FACTUAL BACKGROUND

Plaintiff's claims against Defendant CBL/LSG stem from CBL/LSG's role in the construction of the Distribution Center for ASPI. Due to the uneven geological foundation of the land on which the Distribution Center was to be constructed, gabion retaining walls were required as part of the proper foundation for the building. (Pl. Compl., ¶ 22.) A gabion retaining wall is composed of gabions, or stone-filled wire baskets, which are stacked together to create an earth retaining wall. (*Id.*, ¶ 28.)

In 1996, ASPI entered into an Entitlement Services Agreement with Defendant High to engage in commercial development of the Distribution Center (the "ASPI–High Agreement"). (*Id.*, ¶ 17.) High agreed to manage the civil design and the procurement of entitlements (i.e. obtaining the necessary permits) for the development on behalf of ASPI. (*Id.*) The ASPI–High Agreement authorized High to select and hire subcontractors to prepare engineering investigations, reports, plans and specifications for the site work required at the Distribution Center. (*Id.*)

---

1. Defendant Clark/Epstein is a joint venture formed by Defendant The Clark Construction Group and Defendant A. Epstein & Sons, International, Inc. for purposes of constructing the distribution center. (Pl. Compl., ¶ 30.)

2. Handwerk is a Division of Blooming Glen Contractors, Inc. (Pl. Compl., ¶ 7.)

CBL/LSG contracted with High to provide geotechnical engineering services (the "High–CBL/LSG agreement"). (*Id.*, ¶ 18.) CBL/LSG performed subsurface explorations of the Distribution Center site and made design recommendations, including those for the retaining walls that were to be built and installed at the site. (*Id.*, ¶ 19.) On January 13, 1997, Defendant Debes, an employee of CBL/LSG, issued a Subsurface Exploration Report of Building No. 264 Project[3] (the "Soils Report"), which he signed and professionally sealed as conforming "with the recognized standard geotechnical engineering procedures, while employing good customary and commercial practice." (*Id.*, ¶ 21; Pl.Ex. A at 40.)

Five gabion retaining walls were designed and constructed at the Distribution Center. (Pl. Compl., ¶ 41.) The walls were identified on the construction plans as Wall Nos. 1, 2, 3, 4 and 5. (*Id.*) Plaintiff alleges that Wall No. 1 shows signs of distress from excessive movement and will eventually fail in its entirety if it is not repaired or replaced. (*Id.*) Wall No. 2 also shows signs of distress, and a 40–foot section of that wall has already completely failed. (*Id.*) Portions of Wall No. 4 also show signs of distress. (*Id.*) Plaintiff contends that the failure of Wall No. 2 and the evident distress in the other walls have progressed to the point where they will only become worse unless repaired or replaced. (*Id.*) The walls were designed to have a "useful life" in excess of 25 years and the distress or signs of movement within the walls are not normal and were not expected. (*Id.*, ¶ ¶ 42, 43.)

Plaintiff has brought three claims against CBL/LSG. First, Plaintiff alleges breach of contract. While Plaintiff did not directly enter into a contract with CBL/ LSG, Plaintiff alleges that it was an intended third-party beneficiary of the contract between High and CBL/LSG (Count I). (Pl. Compl., ¶ 52.) Second, Plaintiff alleges CBL/LSG has breached warranties made in the High–CBL/LSG Agreement and in the Soils Report (Count III). Finally, Plaintiff alleges CBL/LSG negligently performed the geotechnical site investigation and negligently made inadequate and inaccurate geotechnical recommendations for the design of the retaining walls (Count IV). Defendant CBL/LSG has moved to dismiss all claims against it.

## III. MOTION TO DISMISS STANDARD

Defendant CBL/LSG has moved to dismiss all claims against it for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008) (reasoning that this statement of the Rule 12(b)(6) standard remains acceptable following U.S. Supreme Court's decision in *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted)).

To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." *Phillips,* 515 F.3d at 234. When a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine

---

**3.** It appears that the Distribution Center was also called "Building No. 264" during the early stages of development.

whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (reaffirming rationale set forth in *Twombly* ). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

## IV. DISCUSSION

This Court presides over this case under diversity of citizenship jurisdiction. In a diversity case, the Court must apply the substantive law of Pennsylvania. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Ford v. Exel, Inc.,* No. 08–cv–1735, 2008 WL 5336777, **1–2, 2008 U.S. Dist. LEXIS 103262, **3–4 (E.D.Pa. Dec. 17, 2008).

Defendant CBL/LSG argues that Counts I and III of Plaintiff's Complaint, alleging breach of contract and breach of warranty, respectively, should be dismissed because Plaintiff has not plead sufficient facts to sustain a claim that Plaintiff was a third-party beneficiary of the High–CBL/LSG Agreement. CBL/LSG also argues that Count IV of the Complaint, alleging negligent design, should be dismissed because it is barred under the "gist of the action" and the economic loss doctrines.

### A. Plaintiff's Breach of Contract Claim May Proceed Because Plaintiff Has Sufficiently Alleged that It Is a Third–Party Beneficiary of the High–CBL/LSG Agreement

█ It is undisputed that there is no privity of contract between ASPI and CBL/LSG. (Doc. No. 39 at 7; Doc. No. 73 at 2.) Plaintiff argues, however, that its contract claim should be allowed to proceed against CBL/LSG because Plaintiff was an intended third-party beneficiary of the High–CBL/LSG Agreement.[4] (Doc No. 73 at 2) Defendant CBL/LSG argues to the contrary that Plaintiff has not sufficiently shown that it was an intended third-party beneficiary of the High–CBL/LSG Agreement. (Doc No. 39 at 5–7.) The Court is persuaded that Plaintiff's breach of contract and breach of warranty claims should be allowed to proceed against CBL/LSG because Plaintiff has sufficiently established that it is a third-party beneficiary of the High–CBL/LSG agreement.

The Pennsylvania standard for determining whether a party is an intended third-party beneficiary of a contract is set forth in *Scarpitti v. Weborg,* 530 Pa. 366, 609 A.2d 147 (1992):

> [A] party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, *unless,* the circumstances are so compelling that recognition of the beneficiary's

**4.** The Response to Defendant CBL's Motion to Dismiss relies on the Pennsylvania Supreme Court's decision in *Bilt–Rite Contractors, Inc. v. Architectural Studio,* 866 A.2d 270 (Pa. 2005), for the proposition that its breach of contract and breach of warranty claims are not barred even if Plaintiff were a third-party beneficiary of the High–CBL/LSG Agreement. (Mem. in Opp. to Def. Mot. to Dismiss at 5–7.) Plaintiff's reliance on *Bilt–Rite* is misplaced. While *Bilt–Rite* creates a narrow exception to the economic loss doctrine, and may be applicable to the Court's consideration of whether to grant Defendant CBL's Motion to Dismiss the tort claim against it, *Bilt–Rite* is not applicable to the question of whether Plaintiff has sufficiently plead its breach of contract and breach of warranty claims against Defendant CBL. *See Bilt–Rite,* 866 A.2d at 274 ("This Court granted further review because the question of the viability of a negligent misrepresentation tort action in the architect/contractor/no privity scenario is one of first impression for this Court").

right is appropriate to effectuate the intention of the parties, and [either] the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Id.* at 150–51 (internal citations omitted). In other words, under the *Scarpitti* test, there are three ways by which a party can establish that it is a third-party beneficiary of a contract:

(1) Both parties to the contract express an intention to benefit the third party in the contract itself; OR,

(2a) The circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties AND the performance satisfies an obligation of the promisee to pay money to the beneficiary; OR

(2b) The circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties AND the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Plaintiff has not argued or alleged either that the High–CBL/LSG Agreement expressly states that High and CBL/LSG intended the Agreement to benefit Plaintiff (a requirement of test (1)), or that CBL/LSG's performance of the Agreement satisfies an obligation of High to pay money to Plaintiff (a requirement of test (2a)). Plaintiff's third-party beneficiary claim, however, is rooted in the test labeled above as (2b). Plaintiff would be an intended third party beneficiary of the High–CBL/LSG agreement if (1) the circumstances are so compelling that recognition of Plaintiff's right is appropriate to effectuate High and CBL/LSG's intentions; and (2) the circumstances indicate

that High intended to give Plaintiff the benefit of CBL/LSG's performance.

Accepting as true Plaintiff's factual allegations set forth in the Complaint and construing them in the light most favorable to Plaintiff, the Court concludes that Plaintiff has alleged sufficient facts to satisfy both prongs of test (2b) set forth in the *Scarpitti v. Weborg* decision, *supra*. At this stage of the case, the inference is that the circumstances are so compelling that recognition of Plaintiff as a third-party beneficiary of the High–CBL/LSG Agreement will effectuate the parties' intentions. Furthermore, Plaintiff alleges that "the geotechnical engineering services LSG agreed to perform for High were intended by LSG and High to benefit the owners of the Distribution Center, [ASPI]." (Pl. Compl. ¶ 19.) If proven, this may be sufficient to establish: (1) recognition of Plaintiff's right is appropriate to effectuate High's and CBL/LSG's intentions, and (2) that High intended to give Plaintiff the benefit of CBL/LSG's promised performance. Accordingly, Defendant CBL/LSG's Motion to Dismiss will be denied with respect to Count I (breach of contract).

B. *Plaintiff's Breach of Warranty Claim May Proceed Because Plaintiff Has Alleged Sufficient Facts to Allow It to Recover as a Third Party for CBL/LSG's Alleged Breach of Warranties in the High–CBL/LSG Agreement, but Not for Breach of Warranties in the Soils Report*

Plaintiff alleges that CBL/LSG has breached warranties contained in the High–CBL/LSG Agreement and the Soils Report (attached as Exhibit A to Plaintiff's Amended Complaint). (Pl. Am. Comp. ¶ 66.) Although Plaintiff is not a party to the High–CBL/LSG Agreement, Plaintiff alleges the High–CBL/LSG Agreement

was made for Plaintiff's benefit. (*Id.*) Plaintiff also alleges the Soils Report, which was prepared by Defendant Timothy Debes pursuant to the High–CBL/LSG Agreement, was made for Plaintiff's benefit. Plaintiff argues that it should be allowed to enforce the express warranties made by CBL/LSG in the High–CBL/LSG Agreement and the Soils Report against CBL/LSG as a third-party beneficiary.

Pennsylvania law on the enforcement of an express warranty by a third party is set forth in *Goodman v. PPG Industries, Inc.*, 849 A.2d 1239 (Pa.Super.Ct.2004). In *Goodman*, the Superior Court held that:

> [T]hird parties may enforce express warranties only under circumstances where an objective fact-finder could reasonably conclude that: (1) the party issuing the warranty intends to extend the specific terms of the warranty to the third party (either directly or through an intermediary); and (2) the third party is aware of the specific terms of the warranty, and the identity of the party issuing the warranty.

*Id.* at 1246. *See also Kagan v. Harley Davidson, Inc.*, No. 07–cv–0694, 2008 WL 1815308, 2008 U.S. Dist. LEXIS 32747 (E.D.Pa. Apr. 22, 2008) (applying *Goodman* test); *Landis v. U.S. Airways, Inc.*, No. 07–cv–1216, 2008 WL 728369, 2008 U.S. Dist LEXIS 21300 (W.D.Pa. Mar. 18, 2008) (applying *Goodman* test); *Peters v. LG Electronics USA, Inc.*, No. 07–cv–38, 2007 WL 4591405, 2007 U.S. Dist. LEXIS 94758 (D.N.J. Dec. 27, 2007) (applying *Goodman* test).

Applying the *Goodman* standard to Plaintiff's claim against CBL/LSG for breach of warranties contained in the High–CBL/LSG Agreement, the Court concludes that Plaintiff should be allowed to proceed on this claim. Plaintiff's Amended Complaint alleges that "LSG . . . breached the warranties of the [High–CBL]/LSG agreement . . . made for the benefit of American Stores." Although CBL/LSG argues that Plaintiff has not plead sufficient facts to prove this claim, CBL/LSG has not presented any evidence to the contrary.[5] In the absence of contrary evidence, the Court must credit as true Plaintiff's factual allegation that the warranties made in the CBL/LSG Agreement were made for Plaintiff's benefit.[6] Crediting Plaintiff's factual allegations as true and construing the Complaint in the

---

**5.** For example, the High–CBL/LSG Agreement has not been filed with the Court.

**6.** The absence of evidence to refute Plaintiff's claim that the warranties made in the CBL/LSG Agreement were made for its benefit stands in stark contrast to the Soils Report, which expressly disclaims any intent to extend the warranties to any third party. There are two warranties contained in the Soils Report. The first provides that:

> This report was prepared in accordance with the work scope agreed to by the client [High], and represents our good faith effort to investigate the subsurface conditions of the project site in conformance with recognized standard geotechnical engineering procedures, while employing good customary and commercial practice. No other warranties or guarantees are implied or expressed.

(Exhibit "A" at 40.) The second warranty is substantially similar and provides:

> This report has been prepared in accordance with generally accepted soil and foundation engineering practices for the use of the client [High] for design purposes. No other warranty, expresses of implied, is made as to the professional advice included in this report. The report has not been prepared for use by parties other than those named or for uses other than those enumerated above.

(*Id.* at 146.) As set forth in this Court's ruling on the Motion to Dismiss of Defendant Timothy Debes filed this date, this language expressly disclaiming an intent to benefit any third party is sufficient to support a finding that Plaintiff may not assert a third-party breach of warranty claim under the Soils Report.

light most favorable to Plaintiff, and in the absence of any contrary evidence, the Court concludes that there are sufficient facts alleged to show that CBL/LSG intended to extend the warranties allegedly made in the High–CBL/LSG Agreement to Plaintiff. Accordingly, CBL/LSG's Motion to Dismiss Count III of the Amended Complaint will be denied.

C. *Plaintiff's Negligent Design Claim Is Barred Under the "Gist of the Action" and Economic Loss Doctrines*

■ Defendant next argues that Plaintiff's negligent design claim in Count IV should be dismissed under the "gist of the action" and the economic loss doctrines. Because Plaintiff's claims against CBL/LSG sound in contract rather than tort, Plaintiff's claim for negligent design is barred under the "gist of the action" doctrine. Accordingly, Defendant's Motion to Dismiss Count IV of the Complaint will be granted.

■ The "gist of the action" doctrine prevents a plaintiff from bringing an action in tort that actually sounds in contract. In *eToll, Inc. v. Elias/Savion Advertising.*, the Pennsylvania Superior Court noted the following in regard to this doctrine:

[T]he [gist of the action] doctrine is designed to maintain the conceptual distinction between breach of contract claims and tort claims. As a practical matter, the doctrine precludes plaintiffs from recasting ordinary breach of contract claims into tort claims ... "The important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former

lie for the breach of duties imposed by mutual consensus."

811 A.2d 10, 14 (Pa.Super.Ct.2002) (quoting *Redevelop. Auth. v. Int'l Ins. Co.*, 454 Pa.Super. 374, 685 A.2d 581, 590 (1996)). The *eToll* court summarized the types of cases in which the "gist of the action" doctrine has been applied:

[P]ersuasive authority interpreting Pennsylvania law has restated the gist of the action doctrine in a number of similar ways. These courts have held that the doctrine bars tort claims: (1) "arising solely from a contract between the parties"; (2) where "the duties allegedly breached were created and grounded in the contract itself"; (3) where "the liability stems from a contract"; or (4) where the tort claim "essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract."

*eToll*, 811 A.2d at 19 (citations omitted).

Plaintiff's claims against CBL/LSG sound in contract rather than tort. As discussed above, Plaintiff has sufficiently plead that it was the intended third-party beneficiary of the High–CBL/LSG Agreement. Plaintiff may not then convert the same allegations into a negligence claim against CBL/LSG. Duties owed to Plaintiff by CBL/LSG arose out of CBL/LSG's alleged contractual obligations to Plaintiff. Plaintiff may not now "recast ordinary breach of contract claims into tort claims." *Id.* Consequently, Plaintiff is precluded from pursuing a tort claim also allegedly arising out of the High–CBL/LSG Agreement.[7]

---

7. CBL/LSG also argues that Plaintiff's negligence claim against it should be dismissed under the economic loss doctrine. Applying the reasoning of the Court's rulings filed on this date resolving the Motions to Dismiss of

Defendant Debes and Defendants MGI, EEI, BCI, Haines, and Handwerk, the Court concludes that the economic loss doctrine would also apply here and is another basis for granting CBL/LSG's Motion to Dismiss.

**356**

## V. CONCLUSION

For the reasons stated above, Defendant CBL/LSG's Motion to Dismiss will be granted in part and denied in part. Plaintiff has filed a Motion for Leave to File a Second Amended Complaint and has attached a proposed copy of that Complaint. (Doc. No. 150.) Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be given freely when justice so requires. Fed.R.Civ.P. Rule 15(a). This rule is liberally construed in favor of allowing disputes to be settled on their merits. *See United States v. Hougham,* 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960) (citing *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Kauffman v. Moss,* 420 F.2d 1270, 1276 (3d Cir.1970). As such, Plaintiff will be permitted to file an Amended Complaint in conformity with the four Opinions issued by the Court on this date. An appropriate Order follows.

### *ORDER*

AND NOW, this 13th day of August, 2009, upon consideration of the Defendant's Motion to Dismiss (Doc. No. 39), it is hereby ORDERED as follows:

1. Defendant's Motion to Dismiss is GRANTED as to Count IV of the Amended Complaint (negligent design);

2. Defendant's Motion to Dismiss is DENIED as to Counts I and III of the Amended Complaint (breach of contract and breach of warranty).

3. Pursuant to the Court's Opinion in this case filed on this date, Plaintiff may file an Amended Complaint consistent with the Opinions.