## HUTCHINS v. PRIDDY et al.

### No. 7344.

United States District Court
W. D. Missouri, W. D.

March 10, 1952.

Harry R. Freeman and Kuraner, Freeman & Kuraner, all of Kansas City, Mo., for plaintiff.

Sam Mandell, Popham, Thompson, Popham, Mandell & Trusty, all of Kansas City, Mo., for defendant John Sullivan.

RIDGE, District Judge.

In this action, originally commenced in the courts of the State of Missouri, plaintiff demanded damages of defendants Earl V. Priddy and L. B. Lamb, only, in the sum of $10,000, for personal injuries allegedly sustained by him, as a result of negligence of said defendants. Service of process on the claim so made was had on those defendants under the nonresident motorist statute of that State. Secs. 506.200–506.320, RSMo 1949, V.A.M.S. Said defendants did not enter an appearance in the state court action, but made default. Thereafter, plaintiff filed an amended complaint in the state court, joining defendant John Sullivan, as an additional party to the action, and increased his demand for damages therein to $15,000. Service of process issued on the amended complaint was only had on defendant Sullivan; likewise under the nonresident motorist statute, supra. No further process was ever issued or served herein on defendants Priddy and Lamb than as first above stated. Affidavit of plaintiff's counsel is that a copy of the amended complaint was mailed to said defendants at their last known address before filing.

In due course, defendant Sullivan perfected removal of this action to this United States District Court, on the ground that he, being the only defendant in the instant action against whom proper service of process has been had, is, under Section 1448, Title 28, U.S.C.A., entitled to maintain this removal proceeding. Said section authorizes removal of an action where one of several defendants has been duly served with process in a state court, when service has not been perfected as to the remaining defendants.

Plaintiff has filed motion to remand, on the ground that a joint claim is made against all defendants in the above amended complaint; that defendants Priddy and Lamb being subject to the jurisdiction of the state court in this action by virtue of service of process based on the original complaint, and said defendants being nonresidents of the State of Missouri, not joining in the removal proceeding, this Court acquired no jurisdiction of the instant action solely on removal proceedings had by nonresident defendant Sullivan. To sustain jurisdiction in this Court, defendant Sullivan asserts that the amended complaint herein sets up a "new or additional claim[s]" against all parties defendant, under the Civil Code of Missouri, Chap. 506, RSMo 1949, V.A.M.S.; that defendants Priddy and Lamb being in default to the original claim made against them, for failure to appear in the state court, at the time of the filing of the amended complaint, new service of process was essential and should have been issued on said amended complaint, directed to said defendants, as provided in Section 506.100, RSMo 1949, V.A. M.S., else the state court could not have proceeded to adjudicate the claim made therein as against all of the defendants. Under such circumstances, defendant Sullivan contends this removal proceeding was properly maintained.

■ As a general rule, it is held that the right to remove an action from a state court to the federal courts exists when "the action assumes the shape of a removable case in the court in which it [is] brought." Powers v. Chesapeake & O. R. Co., 169 U. S. 92, 18 S.Ct. 264, 267, 42 L.Ed. 673. Such a situation usually is brought about after some appearance has been made in the state court, by plaintiff voluntarily dismissing his action against a resident defendant; by plaintiff's announcement that he is ready for trial, notwithstanding that no service of process has been obtained upon the only resident defendant; or by amendments made to pleadings so as to bring the action for the first time within federal court jurisdiction. Powers v. Chesapeake & O. R. Co., supra. In the case at bar, neither of the first two situations exists. If right of removal here exists, it must rest on the latter proposition.

■ Here, plaintiff first made a joint claim in the state courts of Missouri against two of the defendants herein. After default by said original defendants, plaintiff added a new party defendant to such joint claim and increased the demand thereof by way of amendment to his original complaint. As first commenced, there is no question but that the state court acquired jurisdiction over the persons of the original defendants and the subject-matter of this action. What we must now determine is the legal effect of the amendment plaintiff so made to his original claim in the state court, and whether, as a consequence thereof, this cause assumed the shape of removability.

■ Before progressing to that subject, we believe certain fundamental principles so well grounded in procedure in courts of this land that they need no citation of authorities to sustain them should be called to mind. It is hornbook that an amended pleading which is complete in itself and does not refer to a prior pleading supersedes the prior pleading so that it no longer remains a part of the record in an action; and where the method of serving an amended pleading is regulated by statute, such method must be followed. 71 C.J. S., Pleading, §§ 321, 412, 413. Further, that the judgment entered in a tort action cannot segregate or apportion the liability of joint tort-feasors; but must be in one amount and jointly and severally against each and all of the defendants against whom a joint liability is established. 49 C. J.S., Judgments, § 36, p. 88. With those

fundamental principles in mind, we turn to the Civil Code of Missouri, to determine the effect of the amendment of claim here considered.

The "Civil Code of Missouri", Chap. 506, RSMo 1949, V.A.M.S., in the main was patterned after the Federal Rules of Civil Procedure. There are, however, certain distinguishing features between them. So far as here pertinent, the Missouri Code provides for "one form of action", Sec. 506.040, RSMo 1949, V.A.M.S.; and, that a "pleading which sets forth a claim for relief * * * shall contain a short and plain statement of the *facts* showing that the pleader is entitled to relief, and a *demand for judgment* for the relief to which he deems himself entitled. *If a recovery of money be demanded, the amount shall be stated."* (Emphasis added.) 509.050, R.S. Mo.,V.A.M.S. Amendment of pleadings is provided for "as a matter of course at any time before a responsive pleading is filed and served". 509.490, R.S.Mo., V.A.M.S. When a defendant duly summoned fails to appear in an action, "an interlocutory judgment (may) be given against him by default", 511.110, R.S.Mo., V.A.M.S., and, "whenever such interlocutory judgment shall be rendered for the plaintiff, the damages or other relief shall not be other or greater than that which he shall have demanded in the petition, as originally filed and served on defendant". 511.160, R.S. Mo., V.A.M.S. "Every pleading subsequent to the original petition" is required to be served on a party in default for failure to appear if that pleading asserts a "new or additional claim[s] for relief against them" (and) "shall be served (therewith) in the manner provided for service summons in (that) code." (*Parentheses added.*) 506.-100, R.S.Mo., V.A.M.S.

It is observed that in the foregoing enumerated sections of the Civil Code of Missouri, as is true in the Federal Rules of Civil Procedure, the ancient and traditional legal term, "cause of action" is not referred to or used. Instead, the words, "claim", "claims", "claim for relief", and "damages not to exceed amount claimed", and like terms are key words. To what extent that change in terminology in the Missouri Code

has done violence to the orthodox "cause of action" concept as may be found in previous decisions of the courts of that State, see Kohnle v. Paxton, 268 Mo. 463, 188 S. W. 155, we need not here speculate, or philosophize upon, but rest content to abide an eventual decision of Missouri courts concerning the matter. Moore, in his "Federal Practice under the New Federal Rules," has this to say concerning that subject (Vol. 1, p. 145): "This can only mean that the draftsmen, by use of the phrases 'claim' or 'claims for relief' hoped that such different expressions in lieu of 'cause of action' would give the courts freedom to escape from the morass of decisions concerning a cause of action."

█ Be that as it may, it is clear that under the foregoing sections of the Missouri Code a pleading setting forth a claim for relief is required to contain two essential elements: (1) a short and plain statement of facts, showing the pleader is entitled to relief; and (2) a demand for judgment. "If a recovery of money be demanded, the amount (is to) be stated" in that pleading. Sec. 509.050, supra. Further, the mandate of said code is, when a defendant fails to appear after service of process has been had upon him in an action begun in that State, interlocutory judgment may be rendered against him, but the "damages or other relief" granted in such instances "shall not be other or greater than that which (the plaintiff) shall have demanded in the petition, as originally filed and served on defendant". Sec. 511.160, supra. Thus, it is seen that under the Civil Code of Missouri, in default actions, for failure of defendant to appear, the courts of that State are specifically limited in their power to adjudicate a "claim" made against such a defendant.

█ In light of the foregoing statutory provisions, the term "claim for relief" under the Missouri Code has a primary meaning. From the context in which it is used, it must be understood as intending to indicate that which is asserted as an existing right against an opposite party, and a demand for damages in a specified sum when a money judgment is sought. Therefore, the word "claim" as used in the above

sections of the Missouri Code is perceived to be the aggregate matter asserted in a pleading on which relief can be granted; that is, not only the operative facts which give rise to the demand, but also the specific amount demanded when a money judgment is sought. Those two factors are to be considered as constituting a single claim under Section 509.050, supra. Cf. Original Ballet Russe v. Ballet Theatre, 2 Cir., 133 F.2d 187, 189. Thus, when a "claim for relief" is made in a pleading under the Missouri Code, it presupposes, particularly in a default action, that it contains the totality of that which may be litigated and decided by the courts of said State in an action instituted under the above code. That being so, then it clearly appears that if an increased sum of money is thereafter demanded over and above that set forth and demanded in an original "claim" filed, the same would be the making of an additional claim to damages, in a pleading setting forth a claim for relief.

 Section 506.100, supra, provides that "pleadings asserting new or additional claims for relief" against a defendant in default for failure to appear, "be served upon them in the manner provided for service summons * * *." "Additional" as there contained, when considered with the mandates, and context of the term "claim" as used, in the statutes above, must be perceived in its ordinary meaning and sense. As so understood, it means something joined or added to a claim as originally made. We think it embraces the idea of joining or uniting an increased money demand to one previously made so as to form a new aggregate amount. In that concept, when a petition is filed under the Missouri Code, setting forth a claim for relief, and an increased money demand is made in a subsequent pleading stating a claim for relief against a party in default for failure to appear, the same asserts an "additional claim" and must be served on defendant so in default, as provided in Section 506.100, supra, to give the courts of that State jurisdiction to proceed to adjudicate and determine such additional claim.

 When the plaintiff herein filed the amended complaint in question, he must be deemed to have abandoned the original "claim" he asserted against the defendants Priddy and Lamb. So long as said amended complaint remained on file, it proffered the only claim that could be demanded or litigated as to said defendants. After the amended complaint was filed, plaintiff caused service of process to be issued thereon against defendant Sullivan. No service of such "additional claim" was made or attempted, as required by law, to be had on defendants Priddy and Lamb. The mailing by plaintiff's counsel of a copy of such amended petition to said defendants was not, in our opinion, sufficient service of process on them to make them amenable to a personal judgment on said additional claim in the state courts of Missouri. Section 506.100 required service thereof to be had on said defendants "in the manner provided for service summons" under the Missouri Code. That being so, then such service was essential before the state court could proceed to adjudicate that additional claim. Plaintiff apparently recognized such additional process was essential under said code before the state court could proceed to an adjudication of the additional claim made against defendants Priddy and Lamb, because in the third paragraph of the amended complaint, plaintiff "request(ed) that service of process be made upon each of the defendants," therein named under the nonresident motorist statute of that State. However, as above stated, no such service was issued or completed.

 In light of the foregoing provisions of the Civil Code of Missouri, plaintiff's amendment and abandonment of the previous "claim" made against defendants Priddy and Lamb, had the effects, and was tantamount to, the commencement of a "new or additional claim" in the state court. By the amendment so made, the state court lost all power that it might previously have had to proceed to final judgment over the original claim as made against said defendants. The state court thereafter could not have proceeded to adjudicate such "additional claim" without new service of process being had on said defendants. The state courts could not, and would not, so long as said amended petition remained on

file, have undertaken to adjudicate the tort liability of defendants Priddy and Lamb as asserted in the original complaint filed and served on them, and segregate or apportion such liability on a pro-rata basis with the claim, as to which it might have determined against defendant Sullivan, but for this removal proceeding. Under such circumstances, the shape of this action in the state court at the time removal proceedings were perfected herein was equivalent to and the same as though it had been then commenced in the state court, and only one of several nonresident defendants had been served with process therein. On that score, removability existed and defendant Sullivan rightly perfected the same.

It is the intent of Section 1448, Title 28, U.S.C.A. to secure to one of several defendants in an action, who alone has been duly served with process, the right of removal of an action and that as soon as removability exists. He need not wait until other defendants are served with process before perfecting such removal. If he should do so, his right of removal may be lost. When the case removed under said section reaches the federal courts, process and service thereof may be completed against those defendants not before the court. Any defendant so subsequently served may move to remand the case to the state court, but a plaintiff may not do so if jurisdiction of the United States District Court is established over the action.

In light of the foregoing, we believe that the instant action was properly removed to this United States District Court. All requisites for our jurisdiction are here present. Diversity of citizenship exists between plaintiff and defendants and the required amount involved is present. If process is completed in this Court as to defendants Priddy and Lamb, we may obtain the requisite power to proceed to judgment against them, if their liability is established on the "new or additional claim" that is now asserted against them. The state court, as a consequence of this removal proceeding, has lost all power so to do. Therefore, plaintiff's motion to remand is by the Court overruled.