Anthony **PUSATERI**, Jr., Appellant,

v.

Frank C. **JOHNSTON**.

No. 17101.

United States Court of Appeals Third Circuit.

Argued April 19, 1968.

Decided July 24, 1968.

---

Mark B. Aronson, Behrend & Aronson, Pittsburgh, Pa., for appellant.

Frank P. Lawley, Jr., Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa. (William C. Sennett, Atty. Gen., Harrisburg, Pa., on the brief), for appellee.

Before BIGGS, McLAUGHLIN and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

Pusateri appeals from an order dismissing his complaint on the ground that no cause of action was stated. In 1958 he was adjudged a delinquent by the Juvenile Court of Allegheny County, Pennsylvania, and was sent to Thorn Hill Institution from which he was subsequently transferred to Huntingdon Institution and then to the State Correctional Institution at Dallas, Pennsylvania. Pusateri attained his majority on June 3, 1964 and he alleges that he made several attempts to secure his release from the Dallas institution and was finally released on July 7, 1967.

On August 30, 1967, Pusateri brought the instant suit against Johnston, who at all material times was superintendent of the State Correctional Institution at Dallas. In his complaint Pusateri asserts that jurisdiction was conferred upon the court below under the Civil Rights Act, 42 U.S.C. § 1983 [28 U.S.C. § 1343], in that Johnston, "acting under color of [the] law of Pennsylvania," "blocked and hampered" Pusateri in his attempts to obtain his release from "Dallas". Pusateri further alleges that Johnston "failed and refused to release funds held at the State Correctional Institution at Dallas. * * *"

The court below dismissed the complaint on the ground that the Civil Rights Act referred to did not provide for a cause of action against an institutional superintendent who detains a person under a commitment issued by a court of competent jurisdiction although that person is subsequently released pursuant to a court order which states the person to have been improperly detained, citing, *inter alia*, Francis v. Lyman, 216 F.2d 583, 588 (1 Cir. 1954). We agree that Johnston, in the circumstances at bar, cannot be held liable simply because of his refusal to release Pusateri without a court order. Eaton v. Bibb, 217 F.2d 446, 448 (7 Cir. 1954), cert. denied, 350 U.S. 915, 76 S.Ct. 199,

100 L.Ed. 802 (1955).[1] See also Dunn v. Gazzola, 216 F.2d 709, 710–711, (1 Cir. 1954); Rhodes v. Houston, 202 F.Supp. 624, 635 (D.Neb.), aff'd, 309 F.2d 959 (8 Cir. 1962), cert. denied, 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963).

Although it is unclear from the allegations contained in the complaint, it is perhaps also Pusateri's contention that Johnston obstructed his, Pusateri's, attempts to gain access to the courts. However, the allegations in Pusateri's complaint merely state that Johnston "blocked and hampered" his attempts to gain his freedom and consequently are conclusory and, like his other allegations, insufficient to state a claim upon which relief can be granted. United States ex rel. Hoge v. Bolsinger, 311 F.2d 215 (3 Cir. 1962), cert. denied, 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed.2d 735 (1963); Ortega v. Ragen, 216 F.2d 561 (7 Cir. 1954), cert. denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268 (1955). If Pusateri can state factual allegations to demonstrate that Johnston denied him access to the courts, he, Pusateri, may have stated a cause of action under the Civil Rights Act. Stiltner v. Rhay, 322 F.2d 314, 316 (9 Cir. 1963), cert. denied, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964). In the light of these circumstances we find it unnecessary to decide whether there is any merit to Pusateri's contention that institutional superintendents are not immune from suit under the Civil Rights Act for a malicious and intentional blocking of an inmate's attempts to gain access to the courts. On the other hand, if it is Pusateri's contention that Johnston maliciously and intentionally deprived

him of a constitutional right other than access to the courts, he has not included such allegations in the complaint before us and therefore we voice no opinion as to the merit of such contentions. Cf. Bauers v. Heisel, supra, 361 F.2d at 590–591 and 594, and Hoffman v. Halden, 268 F.2d 280, 300 (9 Cir. 1959).

Accordingly, the judgment of the court below will be affirmed but without prejudice to Pusateri if he chooses to institute another suit containing adequate factual allegations.

only should not be expected, but should not be permitted, to go behind a court order, which appears on its face to be valid." The court order committing Pusateri to the custody of Johnston required the latter to hold Pusateri "until further order of the court". Consequently, we do not dispose of the question of whether a civil rights action would lie against Johnston if he held Pusateri beyond the terms of the court order.