**Sam D. HECKART, on behalf of himself and all other inmates of the Illinois State Penitentiary, Plaintiff,**

v.

**Frank J. PATE et al., Defendants.**

**Nos. 69C537, 69C591.**

United States District Court, N. D. Illinois, E. D.

April 30, 1971.

Jerold S. Solovy, Douglas C. Nohlgren, Michael D. Sullivan, and Jenner & Block, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen., State of Illinois, and Warren K. Smoot, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

PERRY, District Judge.

Plaintiff Sam D. Heckart originally brought this action on behalf of himself and now seeks to convert his civil rights suit into one on behalf of himself and all other inmates of the Illinois State Penitentiary. In his complaint he alleges that defendants herein have conspired and have unlawfully, under color of state law, committed many acts which have deprived him and all other inmates of numerous Constitutional rights. He also seeks entry of an order providing that all inmates of the Illinois State Penitentiary shall be notified of the pendency of this action. Defendants have asked the Court to deny plaintiff's request for a class action and plaintiff has made reply.

Plaintiff invokes the Court's jurisdiction under the provisions of 28 U.S.C. § 1343 and seeks relief pursuant to 42 U.S.C. §§ 1983, 1985(2), 1985(3) and 1986, alleging violations of the First, Fourth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution. The suit is for damages and injunctive relief. Defendants have filed a motion to dismiss the Second Amended Complaint or for more definite pleadings.

Plaintiff originally filed two complaints herein solely on behalf of himself and this Court dismissed each of them on the ground that there was not a cause of action stated therein upon which relief could be granted. Plaintiff appealed and the United States Court of Appeals reversed and remanded the causes for further proceedings. This Court further was directed upon remand to appoint Michael D. Sullivan or some other attorney as counsel for plaintiff.

In its order the Court of Appeals pointed out that Mr. Sullivan had been appointed by that Court to represent plaintiff-appellant in the appeals and had filed a response, suggesting therein

"that because of the form of plaintiff's pro se pleadings it would facilitate matters for all concerned if supplemental or amended pleadings be prepared by counsel and filed *on behalf of plaintiff* after counsel has had sufficient time to review the record and consult personally with plaintiff at the Illinois State Penitentiary." (Emphasis supplied)

Said mandate was filed April 20, 1970.

Pursuant to mandate the Court appointed Michael D. Sullivan, Douglas C. Nohlgren and Jerold S. Solovy of the law firm of Jenner and Block as attorneys and co-counsel for plaintiff. Upon plaintiff's motion it further ordered the forwarding to plaintiff's counsel of certain Special Exhibits requested.

Petitioner originally filed a cause numbered 69 C 537 in this court entitled: Sam D. Heckart vs. Herbert Brown, Director Illinois Department of Public Safety, Springfield, Illinois; Frank J. Pate, Warden, Illinois State Penitentiary. Petitioner also filed a second cause numbered 69 C 591 entitled: Sam D. Heckart vs. Frank J. Pate, Warden Illinois State Penitentiary. These were the titles of cases before the United States Court of Appeals. On October 2, 1970, after remand, cause 69 C 591 was consolidated with cause 69 C 537 for all purposes and to proceed under 69 C 537.

On October 14, 1970, plaintiff was given leave to file an Amended Complaint. The complaint was filed not as Sam D. Heckart, as in the original complaints, but as "Sam D. Heckart, *on behalf of himself and all other inmates of the Illinois State Penitentiary*" (Emphasis supplied).

The Warden of the Joliet-Statesville Branch of the penitentiary and the Director of the Illinois Department of Public Safety were named, as before, but in addition plaintiff added 43 other defendants. Approximately a week later, defendants, who had received service, filed a motion to dismiss plaintiff's complaint or for more definite pleadings.

On October 28, 1971, plaintiff filed a Second Amended Complaint, deleting the names of 22 defendants and adding 7 entirely new defendants. On November 25, 1970, defendants who had received service filed a motion to dismiss plaintiff's Second Amended Complaint or for more definite pleadings. And again, on January 25, 1971, the Attorney General of the State of Illinois filed a motion to include certain parties named additional parties defendant (served subsequent to November 25, 1970) in disposing of defendant's original motion to dismiss or for more definite pleadings filed on November 25th.

On February 16, 1971, plaintiff filed said motion for determination that a class action may be maintained. On March 30, 1971, plaintiff's counsel presented to this Court a motion for Order of Notice to Class asking entry of an order "requiring the defendants to publicize and distribute to all members of the plaintiff class a notice of the pendency of this action" and requiring such notice be publicized and distributed by posting on "all 'inmate bulletin boards' in the Illinois State Penitentiary System; and * * * by hand-delivery of a copy to each member of the plaintiff class within defendants' custody and control. * * * " Said motion further asked this Court to order the defendants to prepare a receipt-list of the names of all members of the plaintiff class, with a space on such list for each member of the class to sign his name upon receipt of the notice, and to order the filing of the original of such receipt-list with the Court when the distribution of notice to each member of the class is completed.

By recasting his complaint from one solely on behalf of himself, as originally before this Court and the Court of Appeals, plaintiff now seeks to sue on behalf of the thousands of inmates in all branches of the Illinois State Penitentiary. Defendants point out that the State of Illinois now has approximately 7,800 inmates in custody, all of whom would have to receive notice if the motion for a class action were granted. Additionally, there are approximately 3,100 individuals on parole, some of whom might conceivably also have to be eventually noticed. It appears clear under Rule 23 of the Federal Rules of Civil Procedure that the Court must order notice if it finds a class action exists. As this Court views this case, such a class

suit could figuratively open up a Pandora's box. The Court could be swamped with a review of prison administration and the policing of prison operations, a job for which the courts are not created or equipped, and of which executive responsibility this Court does not have jurisdiction.

Albeit, there are broad allegations made that prisoners' constitutional rights have been violated and the Court must and does consider the complaint now before it, namely the Second Amended Complaint. Said Second Amended Complaint is a substitute for and supersedes all the prior complaints herein, that is the original complaints filed by plaintiff pro se, which were before this Court and the Court of Appeals, and the subsequent Amended Complaint before this Court. Hutchins v. Priddy, D.C., 103 F.Supp. 601, 604; Bator v. Hungarian Commercial Bank of Pest, D.C., 90 F.Supp. 609; Bullen v. DeBretteville, 9th Cir., 239 F.2d 824; Nisbet v. Van Tuyl, 7th Cir., 224 F.2d 66. In *Hutchins* the legal effect of an amendment was considered and the Court there said:

> "Before progressing to that subject, we believe certain fundamental principles so well grounded in procedure in courts of this land that they need no citation of authorities to sustain them should be called to mind. It is hornbook that an amended pleading which is complete in itself and does not refer to a prior pleading supersedes the prior pleading so that it no longer remains a part of the record in an action * * * "

That the Second Amended Complaint herein is superseding is abundantly clear. The original complaints have been completely recast. Plaintiff now moves for relief not just for himself but for thousands of inmates. The complaint is not now directed just to the Warden of the Joliet-Stateville Branch of the Illinois State Penitentiary and to the Director of the Illinois Department of Public Safety but to many defendants. The

original complaints contained factual averments. When plaintiff sought to entirely recast his complaint into a class action, he abandoned specificity. The Second Amended Complaint is in fact a very different suit, making numerous conclusionary charges and modifying the form and nature of those in the original complaints. Plaintiff does not say his Second Amended Complaint is a supplemental complaint nor that he incorporates the specific factual allegations made in the original complaints.

The Second Amended Complaint is multifarious. It makes innumerable general charges and conclusionary allegations against the defendants but does not set forth a single factual allegation in support of its many conclusionary charges. Plaintiff does not set forth facts nor pinpoint charges in support of general conclusions as in his original complaints. Most certainly there is a lack of specificity as to all other inmates. There is no specific showing of common questions of fact or law affecting the rights of all inmates or a sufficient number of them. There are in the complaint now before this Court bare conclusionary allegations.

This suit as it now exists is no longer a simple civil rights suit filed by an individual seeking relief from alleged violation of his, and his alone, constitutional rights. The suit now before this Court is an attempt to make a wholesale assault upon the penal system of the State of Illinois, not by one individual, but by all inmates in the State's penal institutions. It seeks to subject administration, conditions and discipline in the whole Illinois penal system to review and to the jurisdiction and administration of the Federal Court.

It is inconceivable that all inmates, or a sufficient number of them to constitute this cause as a class action, have the same interests and share common questions of law or facts relative to plaintiff's broad and general allegations which include "denial and infringement

of private communications with attorneys and others, access to courts, effective legal discovery by defendants in litigation in which defendants are parties adverse to plaintiffs, physical and mental punishments and denials imposed arbitrarily and without the benefits of due process and, on occasion, in a cruel and unusual manner, loss of accrued 'good time' toward release, denial of essential physical and medical facilities and treatment, and are deprived of the exercise of such rights."

An individual prisoner may have individual grievances and may raise question of his own particular treatment as being violative of his constitutional rights but each case is personal and dependent on particular facts. Wilson v. Kelley, 294 F.Supp. 1005 (N.D.Ga.1968); Jobson v. Henne, 355 F.2d 129 (2d Cir. 1966).

■ The courts have found that conclusionary allegations fail to state a cause of action under the Civil Rights Act and render the complaint insufficient. As in Negrich v. Hohn, 379 F.2d 213, 215 (Third Cir. 1967), a civil rights complaint requires factual allegations and conclusions and broad generalizations are not sufficient. See also Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969); Kauffman v. Moss, 420 F.2d 1270, 1275 (3rd Cir. 1970); Jewell v. City of Covington, 425 F.2d 459, 460 (5th Cir. 1970). Although in the *Kauffman* case reference is made to the liberal policy favoring amendment to the rule about civil rights complaints being specifically pleaded, it is also pointed out that the rule must be balanced between *pro se* litigants not being denied opportunity to state a civil rights claim because of technicalities and the deciding of litigation on its merits. (Emphasis supplied). Plaintiff herein is no longer a *pro se* litigant here but is ably represented by counsel. On his behalf, his counsel has filed herein an Amended Complaint and now a Second Amended Complaint and he has been given ample

opportunity to make his complaint. The Court is bound to decide this matter on the basis of the Second Amended Complaint and the allegations lack required specificity as to which defendants did what and when.

■ Wholesale attacks upon state prison administrations such as this are not new. It has been the policy of the courts to consider prison officials have wide discretion in the control they exercise over prisoners committed to their custody. Douglas v. Sigler, 386 F.2d 684 (8th Cir. 1967); Stroud v. Swope, 187 F.2d 850, 851 (9th Cir. 1951); as the Court of Appeals for the Fifth Circuit pointed out in Walker v. Blackwell, 360 F.2d 66, 67 "the federal courts have recognized that prison discipline is an executive function with which the judicial branch ordinarily will not interfere * * *." The review of prisoner's complaints is narrowly circumscribed and the courts should be loath to interfere with the conduct of a prison or its discipline "unless perhaps in extreme cases." Burns v. Swenson, 430 F.2d 771, 775 (Eighth Cir. 1970); Tabor v. Hardwick, 224 F.2d 526, 529 (Fifth Cir. 1955). As said in Price v. Johnston, 334 U.S. 266 at 285, 68 S.Ct. 1049 at 1060, 92 L.Ed. 1356, "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."

■ Reasonable maintenance of discipline is vested in State prison officials, Negrich v. Hohn, supra. As the United States Court of Appeals for this Seventh Circuit said in Haines v. Kerner, 427 F. 2d 71 (1970):

"State prison officials are vested with wide discretion, and discipline reasonably maintained in state prisons is not subject to our supervisory direction."

■ On the basis of the conclusionary allegations made in the Second Amended

Complaint, this Court cannot find that there is shown extreme or exceptional mistreatment. In this Court's opinion to accept jurisdiction of this case, to intervene, to hold hearings and to attempt to grant the relief sought, especially on a class basis would be a flagrant violation of the Tenth Amendment under which the police power is reserved to the states.

The Court has first analyzed this complaint in order to fully consider plaintiff's motion to proceed with this cause as a class action.

Rule 23 of the Federal Rules of Civil Procedure provides prerequisites to a class action. These prerequisites have not all been met. In particular "there are questions of law or fact common to the class" and "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Even if the prerequisites above were satisfied, a class action is maintainable under the Rule if "the Court finds the questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The rule includes as a matter pertinent to this finding "the difficulties likely to be encountered in the management of a class action."

There is not a sufficient showing here that all inmates, nor a sufficient number of them, share common questions of law or facts as to cruel and unusual confinement in isolation and segregation, unlawful physical harassment and/or beatings, unlawful disciplinary action, and interference with access to the courts. Individual inmates can sue individually and make specific allegations regarding their interests and the facts surrounding their individual allegations. Additionally, the Court cannot find on the basis of the conclusionary allegations in the Second Amended Complaint that a class action would be superior to other methods for a fair and efficient adjudication of inmates individual complaints.

The Court concludes, as aforesaid, that there would be enormous difficulties encountered in the management of this action as a class action and that a joinder of all inmates is not only unwarranted but impracticable. To allow this cause to proceed as a class action would result in an unwieldly process and would not be reasonable.

In a recent three-judge District Court decision in the Southern District of Indiana, Judge Kerner, Circuit Judge, pointed out the difficulty of maintaining a class action in a case where the class was broad and heterogeneous with a disparity of interests:

"Plaintiffs' complaint asserts that this action is filed as a class action covering five subclasses of voters and residents of Marion and Lake Counties. The presence of the intervening defendants as well as the court's own knowledge reveal that the class sought to be maintained is so broad and heterogeneous and has such a disparity of interests that it is not possible for the court to recognize any representative party who could fairly and adequately protect the interests of the class."

Chavis v. Whitcomb, 305 F.Supp. 1359, 1363 (S.D.Ind.1969).

Plaintiff's counsel argues to this Court that the *Chavis* case, Johnson v. Georgia Highway Express, Inc., 47 F.R.D. 327, 329 (D.C.1968) and Wilson v. Kelley, 294 F.Supp. 1005, 1012 (N.D.Ga.1968) are distinguishable in that they each involve members of a purported class with competing or varying interests and facts, while all inmates are affected by the practices and conditions which plaintiff alleges. The Court, as aforesaid, rejects this view. The relevant interests and facts would vary from inmate to inmate.

For the foregoing reasons, the Court now denies plaintiff's motion to permit this cause to proceed as a class action

and the motion for entry of an order providing that all inmates of the Illinois State Penitentiary shall be notified of the pendency of this action.

Further, this Court having found that the Second Amended Complaint before it consists solely of general and conclusionary allegations, that it lacks specificity and that it fails to adequately state a cause of action, said complaint should be dismissed as to Sam D. Heckart individually.

It is, therefore, ordered that the Second Amended Complaint herein be and it is hereby stricken and this cause as consolidated be and it is hereby dismissed.