**Ernest BACH, Plaintiff,**

v.

**William J. SCOTT, Attorney General for the State of Illinois, and James B. Zagel, Assistant Attorney General for the State of Illinois, Defendants.**

**No. 73 C 664.**

United States District Court, N. D. Illinois.

April 25, 1973.

Ernest Bach, pro se.

Melbourne Noel Jr., Chicago, Ill., appearing on behalf of William J. Scott, Atty. Gen. for State of Ill., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motion to dismiss the instant complaint. The plaintiff is presently incarcerated in the Illinois State Penitentiary in Joliet, Illinois. He has filed suit under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, and bases jurisdiction on 28 U.S.C. § 1343(3). The facts which form the basis of the instant complaint arise out of the case of Bach v. Bensinger, 72 C. 2284, which was previously before this Court. The plaintiff alleges that the defendants in *Bensinger* were served with copies of the complaint on September 19, 1972, and that the plaintiff was mailed a copy of the defendants' motion to dismiss on September 25, 1972. The plaintiff alleges the prompt filing of the motion to dismiss by the Attorney General's Office was due to prison officials' illegally photocopying his complaint and sending it directly to the Attorney General. Secondly, the plaintiff alleges that defendant Scott, through his assistant defendant Zagel, filed a false and fraudulent motion to dismiss which was granted by this Court and which, therefore, resulted in the deprivation of his constitutional rights. The instant complaint contains no other allegations other than these general conclusory statements.

This Court recognizes that the recent United States Supreme Court case of Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972), stands for the proposition that *pro se* complaints must be held to a less stringent standard

than those formal pleadings drafted by attorneys. It is well settled, however, that merely conclusory allegations are insufficient to state a cause of action for relief under the Civil Rights Act. Hoge v. Bolsinger, 311 F.2d 215 (3rd Cir. 1963).

■ Plaintiff's claim that defendants received "illegally photocopied" legal documents from prison officials apparently is intended to establish a cause of action under 42 U.S.C. § 1985. Such a cause of action is not supported by the complaint which merely states a vague and conclusory allegation and makes no showing of any overt acts which defendants engaged in. Dieu v. Norton, 411 F.2d 761 (7th Cir. 1969). This is particularly true when the complaint fails to state the defendants in fact conspired with any one. Fletcher v. Hook, 446 F. 2d 14 (3rd Cir. 1971).

■ Moreover, neither the allegation of the defendants' receipt of the "illegally photocopied documents" nor the claim that they filed a fraudulent motion to dismiss are sufficient to state a cause of action under 42 U.S.C. § 1983. Nowhere in the complaint does the plaintiff set forth the alleged misconduct which forms the basis of this lawsuit. Such pleading cannot withstand a motion to dismiss even where the plaintiff is a prison inmate. *See* Wilson v. Post Conviction Hearing Act, 321 F.Supp. 1234 (W.D. Penn.1971). In Henderson v. Pate, 409 F.2d 507 (7th Cir. 1969), cert. denied, 396 U.S. 914, 90 S.Ct. 233, 24 L.Ed.2d 191 the court determined that the mere conclusory allegation that a prisoner had been denied medical attention and had experienced physical mistreatment failed to state a cause of action under 1983. Similarly, in the case of Pusateri v. Johnston, 398 F.2d 327 (3rd Cir. 1968), a prisoner's complaint which claimed the warden denied his access to the courts without stating any factual allegation failed to state a cause of action under 1983.

The Federal Rules of Civil Procedure 8(a)(2) require the complaint to contain a short and plain statement of the claim showing the pleader is entitled to relief. The instant complaint fails to make any specific allegations concerning either of the defendants. On the basis of the case law cited *supra* in this opinion, the Court must conclude that such a complaint fails to state a cause of action under the Civil Rights Act. As a result, we do not reach the issue of whether the defendants, as prosecutors, are immune from suit in this instance.

For the foregoing reasons, the defendants' motion to dismiss is granted.