**Thomas DURSO, Plaintiff,**

v.

**Charles ROWE et al., Defendants.**

**No. 76 C 3765.**

United States District Court,
N. D. Illinois, E. D.

Feb. 7, 1977.

**50**

Terry Rose Saunders, Jenner & Block, Chicago, Ill., for plaintiff.

Melbourne A. Noel, Jr., Patrick J. Calihan, Asst. Atty. Gen., Chicago, Ill., for defendants Sielaff and Rowe.

Joseph Moscov, Legal Counsel, Illinois Dept. of Corrections, Chicago, Ill., for defendants Brierton, Jordan, and Barda.

John A. Dienner, III, Asst. State's Atty., Chicago, Ill., for defendant Carey.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion [1] of defendants [2] Charles Rowe, Allyn R. Sielaff, David V. Brierton, Edward Jordan, and Joseph Barda to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. For the reasons hereinafter stated, the motion shall be granted.

Plaintiff, Thomas Durso, is presently incarcerated at the Illinois State Penitentiary, Stateville Branch, Joliet, Illinois. Represented by counsel, he brings this civil rights action pursuant to 42 U.S.C. § 1983 and seeks monetary, declaratory, and injunctive relief. In support of his claim, plaintiff alleges in Count I that the conduct of defendants in removing him from a work release program without prior notice or a legally sufficient hearing violated his constitutional right to due process of law. In Count III, plaintiff asserts that he was deprived of equal protection of the law because the procedural rights denied him are believed to have been afforded to other work release inmates. Count II alleges that the revocation of plaintiff's work release status was not in accordance with Illinois law. Federal jurisdiction over Counts I and III is alleged under 28 U.S.C. § 1343(3) and 28 U.S.C. §§ 2201 and 2202. Federal jurisdiction with respect to Count II is asserted under the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

In support of their motion to dismiss Count I, the defendants argue, *inter alia*,

---

1. Actually, two sets of motions to dismiss have been filed, the first by defendants Sielaff and Rowe and the second by defendants Brierton, Jordan, and Barda. Defendants Sielaff and Rowe have joined in the latter motion. In light of the court's decision, it is unnecessary to reach the arguments raised by the former motion.

2. The complaint was originally filed against the five named defendants and Bernard Carey, State's Attorney of Cook County. A motion to dismiss the complaint as to defendant Carey was granted by the court on November 29, 1976.

that plaintiff was not deprived of a sufficient liberty interest to trigger procedural due process.[3] With respect to the equal protection allegations, defendants contend that they are too conclusory and vague to state a claim for relief. Moreover, defendants maintain that mere inconsistency in the operation of prison management absent application of such suspect classifications as race or national origin is not violative of equal protection as encompassed by the fourteenth amendment. Finally, defendants argue that since Counts I and III must be dismissed for failure to state a claim upon which relief can be granted, Count II should be dismissed for want of federal jurisdiction.[4]

In his memorandum in opposition to the motion to dismiss, plaintiff argues that revocation of his work release status is a deprivation of liberty protected by the due process clause of the fourteenth amendment since work release termination may have an adverse impact on rehabilitation and future parole eligibility. He further contends that he has stated a cognizable equal protection claim and that the factual averments in the complaint are sufficiently specific. Finally, plaintiff argues that this court should exercise pendent jurisdiction over Count II of the complaint since the state law claim is closely related to the constitutional claim and derives from a common nucleus of operative facts.

The court must first decide whether the revocation of plaintiff's work release status is a deprivation of liberty protected by the due process clause of the fourteenth amendment. It concludes that it is not. In *Gauthreaux v. Sielaff*, No. 75 C 3198 (E.D. Ill., November 12, 1976), under similar facts, Judge Foreman recently held that a prisoner has no such protectible interest under the due process clause. While it is true that the late Judge Lynch held otherwise in *Witherspoon v. Sielaff*, No. 75 C 644 (N.D.Ill., January 19, 1976), the court finds *Gauthreaux v. Sielaff, supra,* a more persuasive authority on this issue, and in the light of recent United States Supreme Court decisions discussed *infra*, a more accurate reflection of the state of the law.

The Supreme Court has rejected the notion that every state action carrying adverse consequences for prison inmates automatically triggers due process rights. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). As the court noted in *Montanye, supra* at 242, 96 S.Ct. at 2547, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed upon him and are not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."

Plaintiff's attempt to distinguish *Meachum* and *Montanye* must fail. While it is true that these cases recognize that state-created rights may operate as a predicate for invoking the protection of the fourteenth amendment, no such predicate exists here.[5] Moreover, to hold that any substantial deprivation imposed by prison officials activates the procedural protections of the due process clause would unduly involve the judiciary in discretionary decisions traditionally within the province of prison authorities. *Meachum v. Fano, supra* at 427 U.S. at 222, 96 S.Ct. 2532.

Plaintiff's reliance on *Holmes v. United States Board of Parole*, 541 F.2d 1243 (7th Cir. 1976) is also misplaced. There it was

---

**3.** Defendants also argue that plaintiff's complaint should be dismissed because it would require the application of retroactive relief.

**4.** In the alternative, defendants argue that plaintiff has failed to state a claim in Count II.

**5.** Plaintiff maintains that eligibility for and disqualification from work release are connected to statutory guidelines. Illinois law does provide that the Department of Corrections is to promulgate rules governing release status and that it may impose sanctions for violation of these rules. Ill.Rev.Stat. Ch. 38 § 1003–13–4. However, the regulations of the Department of Corrections governing work release revocation—as plaintiff concedes—became effective *after* plaintiff's alleged claim arose.

held that due process was required prior to classifying a prisoner as a special offender. However, as defendants point out, classification of a prisoner as a special offender is a different matter than terminating work release status. Moreover, the court in *Holmes* found the necessary predicate not present here.

■ While plaintiff does not contend that his removal from work release resulted in a denial of parole, he does argue that termination of his work release status may have an adverse impact on his rehabilitation and future parole eligibility. He maintains that this constitutes a grievous loss and that due process is therefore required. However, such possibilities are not enough to trigger due process. In *Meachum v. Fano, supra,* 427 U.S. at 229 n. 8, 96 S.Ct. 2532, the Supreme Court rejected the possible prejudice an inmate might incur in any future parole hearing as a basis for mandating due process guarantees. In *Montanye v. Haymes, supra,* 427 U.S. at 221 n. 4, 96 S.Ct. 2543, the Supreme Court reversed the Court of Appeals for the Second Circuit notwithstanding its partial reliance on the adverse impact on the possibility of parole or the potential interruption of rehabilitative programs. And in *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the United States Supreme Court recently reiterated its position that due process protections are not activated merely by prison officials' action carrying adverse consequences for inmates with respect to rehabilitative programs and prisoner classification.

The second question the court must decide is whether plaintiff has failed to state an equal protection claim under 42 U.S.C. § 1983. It is well settled that a claim is stated unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Of course, plaintiff's complaint is subject to greater scrutiny than a *pro se* complaint since plaintiff is represented by counsel. *See Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ Plaintiff predicates his equal protection claim upon his belief that defendants revoked his work release status without affording him the same kind of hearing and finding of misconduct given to other participants in the program. The court concludes that plaintiff has failed to state a claim upon which relief can be granted. It is well established that particularized facts demonstrating a constitutional deprivation must be presented to sustain a cause of action under the Civil Rights Act. *Adams v. Pate,* 445 F.2d 105 (7th Cir. 1971); *Bach v. Scott,* 357 F.Supp. 1125 (N.D.Ill.1973). Conclusory allegations of discrimination are insufficient to establish a claim under 42 U.S.C. § 1983. *Carlisle v. Bensinger,* 355 F.Supp. 1359, 1362 (N.D.Ill.1973); *Heckart v. Pate,* 52 F.R.D. 224 (N.D.Ill.1971). Here there are no specific factual averments submitted by plaintiff in support of his broad allegations. As such, they are too conclusory to state a claim under the Civil Rights Act. *Heckart v. Pate, supra.*

■ Moreover, plaintiff has failed to state a claim because prison officials have wide discretion in prison matters and discipline. *Kelly v. Dowd,* 140 F.2d 81 (7th Cir.), *cert. denied,* 321 U.S. 783, 64 S.Ct. 639, 88 L.Ed. 1075 (1944). There is no reasonable basis here for interference with state authority, even though plaintiff's claim is couched in the guise of a violation of his constitutional rights. *Walker v. Pate,* 356 F.2d 502 (7th Cir.), *cert. denied,* 384 U.S. 966, 86 S.Ct. 1598, 16 L.Ed. 678 (1966); *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967). Federal courts may not inquire into matters in state penitentiaries except under exceptional circumstances not present here. *Walker v. Pate, supra* at 504; *United States ex rel. Miller v. Twomey,* 479 F.2d 701, 713 n. 25 (7th Cir. 1973), *cert. denied sub nom. Guitierrez v. Department of Public Safety,* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974).

■ Plaintiff also fails to state an equal protection claim because "the conscious exercise of some selectivity in en-

forcement is not in itself a federal constitutional violation." *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). Likewise, the mere inconsistency in the operation of prison management, absent application of suspect classifications, is not violative of the equal protection clause. *See Joyner v. McClellan*, 396 F.Supp. 912, 916 (D.Md.1975).

Plaintiff's reliance on *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886) and *United States v. Falk*, 479 F.2d 616 (7th Cir. 1973) (*en banc*) is misplaced. In *Yick Wo*, enforcement of a San Francisco ordinance was primarily directed at persons of Chinese origin, a suspect classification. In *Falk*, the Court of Appeals for the Seventh Circuit reversed a conviction based upon draft evasion because the court determined that Falk's prosecution was motivated by his activities in opposition to the war in Vietnam and the draft; activities the court found protected by the fundamental guarantees of the first amendment. In the case at bar, plaintiff alleges that the termination of his work release status was motivated by adverse community reaction to the work release program, including pressure from the Cook County State's Attorney's office.[6] However, plaintiff does not allege that his work release status was terminated because of such constitutionality suspect classifications as race or national origin. Nor is there an averment that plaintiff's removal was predicated upon his prior exercise of a constitutionally protected right. In light of such failure, no cognizable equal protection claim is stated.[7]

With respect to Count II, it must likewise be dismissed. Where there is no substantial federal question, it is inappropriate to retain jurisdiction under any claim of pendent jurisdiction. *United Mine Workers v. Gibbs, supra.*

For the reasons stated, it is therefore ordered that the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction shall be, and the same is hereby, granted and the action is dismissed.

---

6. Defendants submit that prison administrators clearly have the right, and indeed an obligation, to consider the reaction of the general community and law-enforcement officials when assessing the level of supervision to be applied to particular inmates.

7. After the close of the briefing schedule, plaintiff's attorney called the court's attention to *French v. Heyne*, 547 F.2d 994 (7th Cir., 1976). The court has reviewed the case and finds her reliance on it misplaced. Plaintiff has alleged that defendants arbitrarily denied him the same due process rights afforded other inmates before removing them from work release, and argues that such arbitrary discrimination in the application of administrative regulations or practices states a viable equal protection claim. However, it is well settled that the arbitrary misapplication of state laws or powers does not in itself constitute a violation of equal protection. *Briscoe v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970). Plaintiff has failed to allege any classification other than the consequences of the defendants' improper application of their powers. *Id.*